STATE v. COLTHARP.

(Division A. Nov. 2, 1936.)

[170 So. 285. No. 32322.]

Webb M. Mize, Assistant Attorney-General, for the state.

**Fred B. Smith,** of Ripley, for the state.

Anderson & Clayton, of New Albany, for appellee.

**McGowen, J.**, delivered the opinion of the court.

This appeal is prosecuted by the state from a judgment of the lower court sustaining a demurrer to an indictment against appellee, Coltharp, for embezzlement. The essential parts of this indictment are as follows:

J. L. Coltharp, "being then and there a partner in the Stephens & Coltharp Cotton Co., a co-partnership composed of the said J. L. Coltharp and one E. J. Stephens, domiciled and doing business in said county and State, and said Stephens & Coltharp being then and there the agent for and on behalf of E. J. Stephens to handle and use money of E. J. Stephens in the buying of cotton, and the said J. L. Coltharp being then and there, by reason of his employment as such agent of E. J. Stephens, did then and there have in his care and control of the property of E. J. Stephens the sum of $2400.00 . . . and did then and there afterwards and prior to the ——— day of December, 1930, in said county and State, without the consent of the said E. J. Stephens, wilfully, unlawfully, fraudulently and feloniously embezzle said money, and . . . convert the same to his own use, and . . . make way with the same, and did . . . secrete the same, and did then and there fraudulently and feloniously conceal the same," etc.

888

The indictment was demurred to on two grounds, first, that it failed to charge any crime known to the law, and, second, that it is vague and indefinite.

The contention of the appellee on the first ground is that Stephens & Coltharp were partners in the operation of the cotton company, and that, under a well-recognized rule of law, one partner cannot be held to be guilty of an embezzlement from another partner, and that this indictment charges an embezzlement by Coltharp of partnership funds. It is further asserted that the relation of principal and agent cannot exist in the same person. The rule of law upon which the appellee relies is as follows: ''A fundamental principle of the common law is that one cannot steal his own property, and the general rule, therefore, is that the ownership of the property alleged to have been embezzled must not be in the accused, either in whole or in part.'' 20 C. J., p. 416.

The indictment charges the agency of Stephens & Coltharp for E. J. Stephens, and it further alleges that Coltharp, being an agent for and acting on behalf of E. J. Stephens to handle and use his money in the buying of cotton, had in his care and control, two thousand four hundred dollars, the property of Stephens. This indictment does not allege that Coltharp embezzled the partnership funds, nor does it allege that the partners were joint owners of the two thousand four hundred dollars which was placed with the agent for a specific purpose, but the indictment excludes the idea that anybody owned the money except E. J. Stephens, or that anybody had control of or embezzled the money except Coltharp. The indictment may have unnecessarily set up the fact of agency, but it stripped bare the idea of joint agency, and simply charges that Coltharp, as agent for E. J. Stephens, intrusted with the money, used and embezzled it. According to a fair interpretation of this indictment, it simply charges that Stephens' money was em-

bezzled by his agent, Coltharp, and not because of the partnership, but despite it. We think the indictment, in this respect, is sufficient to withstand the demurrer.

We are unable to apprehend wherein the indictment fails to be specific in presenting an indictment on this statutory charge. This indictment was drawn under section 889, Code 1930, is substantially in the language thereof, and is not subject to condemnation, as delineated in the case of State v. Cahn et al., 171 Miss. 458, 158 So. 202.

The evidence upon which the state relies for a conviction is not necessary to be recited in an indictment. The indictment is quite sufficient to inform the appellee that he is called upon to answer a charge of the embezzlement of two thousand four hundred dollars.

Generally, an indictment presented by virtue of a particular statute, which follows the language thereof, is sufficient. There are exceptions, but they are not referred to by the appellee, nor applicable in the case at bar.

We think the court below was in error in sustaining the demurrer to the indictment.

Reversed and remanded.