500 So.2d 967 (1986)
William EDWARDS a/k/a William Lake
v.
STATE of Mississippi.
No. 56587.
Supreme Court of Mississippi.
November 12, 1986.
Rehearing Denied February 4, 1987.
*968 Robert B. Prather, Columbus, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ANDERSON and GRIFFIN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
William Edwards, a/k/a William Lake, was indicted, tried and convicted in the Circuit Court of Lowndes County, on a charge of attempted armed robbery and was sentenced to serve twenty-four (24) years in the custody of the Mississippi Department of Corrections, without the benefit of probation or parole for the first ten (10) years. He appeals from the judgment and sentence of the lower court and assigns only the following error in the trial below:
THE PROOF OFFERED BY THE STATE WAS INSUFFICIENT TO SUPPORT A CONVICTION OF ATTEMPTED ARMED ROBBERY SINCE THE PROOF WAS LACKING IN AN ESSENTIAL ELEMENT THEREOF, TO-WIT: THE EXHIBITION OF A DEADLY WEAPON.
The intended victim, William Hall, and two accomplices of appellant, i.e., Shirley Pennington and Will Sherrod, testified in behalf of the State. The evidence was largely without contradiction and is set forth hereinafter.
On August 23, 1984, appellant and Shirley Pennington met with one George Derden at the latter's home and discussed a plan to rob the El Rancho Motel in Columbus, Mississippi, operated by William Hall. The next day, appellant and Pennington met with Will Sherrod and Jessie James Ingram and all four were advised by Derden in the perpetration of the robbery. Pursuant to their plan, appellant, Pennington, Sherrod and Ingram proceeded to the El Rancho Motel for the purpose of effecting the robbery.
The plan was for Pennington to walk into the motel lobby with Ingram and inquire about a room for the night. Ingram then would spray mace into the face of Hall, who was at the motel desk. Appellant and Sherrod both would hide in the backseat of the car and rush into the motel lobby and demand from Hall at gunpoint information as to where the safe and money were hidden. The plan was carried out until interrupted by Hall. Appellant and Sherrod were concealed on the backseat of the automobile; Sherrod had a.38-caliber revolver which he had given to appellant, and then received it back; Pennington and Ingram went into the motel lobby and the mace was sprayed in Hall's face. However, Hall resisted, and broke free from Ingram's grasp and, with blurred vision, grabbed his pistol and fired at Pennington and Ingram, who fled back to the automobile. Appellant started the vehicle, and tried to back into the highway, while Sherrod began shooting from the car into the motel lobby at Hall. The latter began to fire a shotgun loaded with buckshot at the car and outlaws. The car stalled and appellant and Sherrod jumped out and ran. Finally, Pennington started the car and picked up appellant and Sherrod, who were running down the highway.
The robbers eventually were apprehended, Pennington and appellant in Birmingham, Alabama. A number of bullet holes and marks were visible on the automobile as a result of the shotgun blasts from Hall. Ingram was mortally wounded and expired from the exchange of gunfire.
The indictment charged appellant with attempted armed robbery by putting William Hall in fear of immediate injury to his person by the exhibition of a deadly weapon, a firearm. The indictment further charged and the evidence proved that the following overt acts were committed in furtherance of the attempt:

*969 1. by arming themselves with firearms,
2. by planning the commission of the armed robbery of the El Rancho Motel among themselves,
3. by transporting themselves to the El Rancho Motel in Columbus, Mississippi,
4. by concealing themselves in the rear of an automobile used in the commission of the crime,
5. by shooting at the said William Hall to effectuate an escape, ...
We keep in mind that appellant was indicted for a separate and distinct offense, viz, an attempt to commit a crime. Such a crime consists of three elements: (1) an intent to commit a particular crime; (2) a direct ineffectual act done toward its commission; and (3) the failure to consummate its commission. Bucklew v. State, 206 So.2d 200 (Miss. 1968).
In Bucklew, the Court quoted 1 Wharton, Criminal Law and Procedure § 74 (1957), which states:
To constitute an attempt, there must be an act directed to the commission of an intended crime, which act goes beyond mere preparation and is apparently suited for the intended purpose, although it may be any act in the series of acts which would ordinarily result in the commission of the crime, and need not be the last or final step in the sequence. Whether an act has passed beyond the stage of preparation and constitutes an attempt is a question of degree.
* * * * * *
It is also variously stated that an attempt is a direct movement toward the commission of the crime after the preparations have been made; that the defendant's act must be a direct, unequivocal act toward the commission of the intended crime; that his acts must have progressed to the extent of giving him power to commit the offense and nothing more but an interruption prevented the commission of the offense; that the defendant's act must reach far enough toward the accomplishment of his intention to commit the offense to amount to a commencement of the consummation or to be a step in the direct movement toward its commission; and that some appreciable fragment of the crime must be committed so that the crime would be completed if the defendant were not interrupted.
206 So.2d at 202-203. Also, see Duke v. State, 340 So.2d 727 (Miss. 1976) and Stokes v. State, 92 Miss. 415, 46 So. 617 (1908).
Appellant was indicted under the general attempt statute, Mississippi Code Annotated § 97-1-7 (1972) of the attempt to commit a robbery in violation of Mississippi Code Annotated § 97-3-79 (1972). The appellant contends that the State failed in its proof because there was no evidence that appellant exhibited a deadly weapon at the time Ingram and Pennington entered the motel lobby and Hall was sprayed with the mace. He cites and relies upon Register v. State, 232 Miss. 128, 97 So.2d 919 (1957). However, Register involved a completed offense, not an attempt. The overt acts, charged in the indictment and proved overwhelmingly, established the requirements set forth in Bucklew, including the intent to commit the crime.
The argument of appellant based on failure to prove that a deadly weapon was exhibited is rejected, since when so many overt acts were proven and a gun battle ensued, which resulted in the death of one of the perpetrators of the crime.
We are of the opinion that the State not only proved all elements of an attempted robbery, but proved its case by overwhelming evidence.
The judgment of the lower court is affirmed.
AFFIRMED.
WALKER, C.J., HAWKINS, P.J., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
PRATHER, J., not participating.