McMILLIN, C.J.,
for the Court:
¶ 1. Marcus McCullum has appealed his conviction of aggravated assault returned by a jury in the Circuit Court of Yazoo County. He claims (a) the trial court erred in denying his request for a new trial since the guilty verdict was against the weight of the evidence, (b) the court improperly admitted gruesome photographs of the beating victim, and (c) the court improperly instructed the jury on the theory of aiding and abetting when there was no evidence to support the instruction. We find no error and affirm McCullum’s conviction.
¶ 2. Viewed in the light most favorable to the State, the evidence showed that McCullum and at least two other accomplices viciously attacked Lonnie Griffin with sticks or baseball bats as he walked along a public street in Yazoo City near McCullum’s residence. The attack caused substantial ■ injury to Griffin’s person. Griffin testified at trial and said he recognized McCullum as the person who lured him to the scene of the attack by offering him a cigarette. Griffin’s wife, who was walking some distance ahead of Griffin at the time, also testified to observing McCul-lum and several other young men engage in the attack on her husband. Griffin’s testimony was impeached to some extent by evidence that, shortly after the attack, he told police he was uncertain whether McCullum had actually struck him or not.
¶ 3. McCullum, in conversations with the police investigators, originally denied even seeing Griffin on the night of the attack. He later amended his statement to concede that he was present during the attack, but claimed he was merely an innocent bystander to the attack which was carried out by two overnight guests in McCullum’s home. McCullum called several witnesses, including a cousin and several other overnight guests, who corroborated McCullum’s version of events. The matter was submitted to the jury and the jury returned a verdict of guilty.
I.
Denial of a New Trial
¶ 4. McCullum claims that the State’s evidence, when weighed against the consistent version of events related by his witnesses, is so lacking in probative value as to cause a substantial miscarriage of justice if he is not granted a new trial. It is common in a criminal trial for sharply conflicting evidence to be presented to the jury. In such circumstance, the jury sits as finder of fact and has the duty to assess the credibility of the witnesses and resolve conflicts in the evidence. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Only if it is convinced that a guilty verdict is so against the substantial weight of the credible evidence that it would be manifestly unjust to allow it to stand may an appellate court intercede and disturb the jury’s verdict. Groseclose, 440 So.2d at 300.
¶ 5. In this case, the witnesses for the State were not so impeached as to necessarily render their testimony unworthy of belief or of doubtful probative value. Neither were the defense witnesses, all of whom had some relation to the defendant that might suggest to the jury some bias in his favor (Mississippi Rule of Evidence 616), of such quality that the jury was obliged to accept their version as the truth.
¶ 6. We, therefore, find no basis in the law to disturb the verdict of the jury on this ground.
II.
Photographs
¶ 7. McCullum claims that photographs depicting Griffin’s condition shortly after *289 the assault were unduly gruesome and were introduced for the sole purpose of inflaming the jury and inspiring their prejudice against the defendant. McCullum notes that the defense did not contest the fact of Griffin’s beating nor its severity, and uses this to bolster his argument as to why the photographs were unnecessary to establish the State’s case.
¶ 8. Matters relating to the admission or exclusion of evidence are entrusted to the sound discretion of the trial court. McFee v. State, 511 So.2d 130, 134 (Miss.1987). This holds true for photographs as well as any other form of evidence. McFee, 511 So.2d at 134. In this case, the trial court concluded that the photographs were probative in order to show that the injuries received by Griffin were consistent with the manner in which the State’s witnesses claimed the assault occurred. We do not find that ruling to be manifestly erroneous or an abuse of the court’s discretion in controlling the flow of the evidence. Neither are we aware of a rule of evidence that the defense may, in effect, stipulate the existence of certain critical facts, e.g., whether the victim suffered physical injury, and by such stipulation bar the State from presenting evidence relating to those essential facts.
¶ 9. We find no error in the trial court’s decision to admit photographs of the beating victim shortly after the assault.
III.
Jury Instruction
¶ 10. McCullum contends that the trial court committed reversible error when it granted the following instruction requested by the prosecution:
The Court instructs the jury that if two or more persons are engaged in the commission of a felony, then the acts of each in the commission of such felony are binding upon all, and all are equally responsible for the acts of each in the commission of such felony.
¶ 11. At trial, McCullum’s sole objection to the instruction was “Objection to S 3. It doesn’t conform to the facts proven in this case.” McCullum attempts to raise other objections to the instruction in his brief before this Court; however, such new objections cannot be raised for the first time on appeal. Thornhill v. State, 561 So.2d 1025, 1029 (Miss.1989).
¶ 12. The State’s contention all along was that Griffin was beaten by multiple participants. In fact, the indictment itself was a joint indictment naming both McCullum and another suspected participant in the assault, Corey Washington. There was evidence that McCullum was the individual that purposely lured Griffin back to the point of the assault after he had already walked past on the pretext of offering him a cigarette. There was some measure of conflict in the State’s evidence since Griffin’s testimony at trial that McCullum actually administered some of the blows was contradicted by an earlier statement to police that he was unsure of that fact. In that situation it was entirely appropriate for the jury to be instructed as to the law relating to criminal culpability of multiple participants in a single criminal act, even when there might be some confusion as to which participant committed some essential element of the crime.
¶ 13. This was a sudden and apparently unprovoked attack by multiple assailants on a dark night. Certainly, during the ensuing melee, there was ample opportunity for confusion as to exactly who was carrying out what particular role in the assault, yet the law will not permit that inevitable confusion to serve as the basis for a participant to escape all criminal responsibility for his role in the events. *290 Thus, when two or more persons knowingly and willingly act in concert to accomplish a criminal purpose, each of them bear full responsibility for the crime even though some of the actual elements may have been committed by that person’s accomplice. Jackson v. State, 420 So.2d 1045, 1048 (Miss.1982).
¶ 14. We are satisfied in this case that, even had the jury harbored a reasonable doubt as to whether McCullum actually wielded one of the assault weapons, it could have still properly convicted him for the assault upon being convinced beyond a reasonable doubt that McCullum was instrumental in luring Griffin to the scene of the assault with full knowledge of the intentions of Corey Washington and others. The instruction served to inform the jury that, under the law, this was an appropriate means of determining criminal liability when multiple actors were involved in the same criminal enterprise. It was, therefore, not error to instruct the jury on this point of law.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO YAZOO COUNTY.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., concur.
BRANTLEY, J., not participating.