CARLTON, J.,
DISSENTING:
¶ 36. I respectfully dissent to the opinion of the majority in this case on two dispositive issues and would affirm. I respectfully submit that the trial court did not err in allowing amendments of the indictment as to form, not substance, to omit surplusage language and that the trial court likewise did not err in refusing the *872 defense’s proposed jury instruction as to the lesser non-included offense of reckless driving. I concur with the majority as to its determination of the remaining issues.
I. AMENDMENT OF INDICTMENT
¶ 37. The question of whether an indictment is fatally defective is a matter of law and given a fairly broad standard of review by an appellate court. Spears v. State, 942 So.2d 772, 773(115) (Miss.2006). In considering the State’s motion to amend the indictment, the trial court considered the statutory language of aggravated assault and the language of the indictment itself. The trial judge found that the indictment tracked the language of the statute and in no way altered any defense previously available prior to the amendment. The trial judge found that the language stricken from the indictment was not necessary and did not alter the charge. He found that the State still had the burden to prove the elements of the charge of aggravated assault upon a law enforcement officer as the elements themselves were quoted in the indictment. He explained that if the State did not put forth evidence going to each element of the charge, he would not let the case go to the jury.
¶ 38. “[A]ll indictments may be amended as to form but not as to the substance of the offense charged.” Lee v. State, 944 So.2d 35, 40(¶ 16) (Miss.2006) (quoting URCCC 7.09). An amendment is one of form rather than substance where the defense under the original indictment is equally available after the amendment, and the evidence the defendant may have is equally applicable to the pre- and post-amended indictment. Griffin v. State, 540 So.2d 17, 21 (Miss.1989).
¶ 39. Brooks’s assertion that the amendments destroyed his defense that he never intended to use his car to cause bodily injury to any of the officers is without merit. In fact, Brooks asserted this defense and testified that he had no intention of hitting anyone or causing injuries to anyone with his vehicle. Furthermore, his defense counsel strongly summed up Brooks’s defense during closing arguments asserting that every time Brooks got near people he avoided them, went around them, and essentially avoided any attempt to injure or hui-t anyone. Defense counsel continued throughout the remainder of his closing argument to attempt to show that Brooks had not intended to hurt the officers with his vehicle. Clearly, Brooks’s asserted defense to the aggravated assault charges was equally available after the indictment was amended. Moreover, the evidence Brooks received through discovery was equally applicable to the pre- and post-amended indictment. The language of the indictment clearly set forth the charge as to the two counts of aggravated assault on a law enforcement officer. They are as follows:
Count Two charged that Brooks “on or about the 11th Day of February, 2003, in the county aforesaid, did unlawfully, wil-fully, feloniously, purposefully, and knowingly attempt to cause bodily injury to Trooper Steve Gladney, a law enforcement officer with the Mississippi Highway Patrol, at a time when the said Trooper Steve Gladney was acting within the scope of his official duties and office.”
Count Four charged that Brooks “on or about the 11th Day of February, 2003, in the county aforesaid, did unlawfully, wil-fully, feloniously, purposefully, and knowingly attempt to cause bodily injury to Deputy Dennis Daniels, a law enforcement officer with the Oktibbeha County Sheriffs Department, at a time when the said Deputy Daniels was acting within the scope of his official duties and office.”
*873 As such, the amendments to the indictment were of form, rather than substance, and wholly permissible.
¶ 40. The clear and unambiguous language of the indictment is taken directly from the pertinent code section, Mississippi Code Annotated section 97-3-7(2)(b) (Supp.2008), which provides that a person is guilty of aggravated assault of a police officer if he “attempts to cause or purposefully or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm[.]” The indictment clearly stated that Brooks was charged with aggravated assault on a police officer and listed the applicable statute section number across the top of the indictment. The statute provides that when one attempts to cause bodily injury with a deadly weapon or other means likely to produce death, one is guilty of aggravated assault, not attempted aggravated assault. A review of the history of Mississippi jurisprudence in this area reflects that had Brooks been charged under the general attempt statute, Mississippi Code Annotated section 97-1-7 (Rev.2006), the State would have been required to articulate the overt act in the indictment. White v. State, 851 So.2d 400, 403(¶ 5) (Miss.Ct.App.2003) (citing Maxie v. State, 330 So.2d 277, 278 (Miss.1976)). However simply because one may be guilty of aggravated assault for attempting to cause bodily injury by a means likely to produce death does not mean that an indictment for aggravated assault must contain an overt act as required for an indictment for the separate and distinct offense of attempt. See, e.g., Edwards v. State, 500 So.2d 967, 968-69 (Miss.1986); McCullum v. State, 487 So.2d 1335, 1338 (Miss.1986).
¶ 41. In Edwards, the appellant was indicted for attempted armed robbery under the general attempt statute. In noting that Edwards’s indictment included the overt acts committed in furtherance of the attempt, the supreme court specifically pointed out the following:
We keep in mind that [the] appellant was indicted for a separate and distinct offense, viz, an attempt to commit a crime. Such a crime consists of three elements: (1) an intent to commit a particular crime; (2) a direct ineffectual act done toward its commission; and (3) the failure to consummate its commission.
Edwards, 500 So.2d at 969 (citing Bucklew v. State, 206 So.2d 200, 202 (Miss.1968)). It is significant that armed robbery may be completed by an attempt to take, just as an aggravated assault may be completed by an attempt to cause bodily harm. Miss.Code Ann. § 97-3-79 (Rev.2006). The State argues that the above excerpted language from Edwards stands for the proposition that only an indictment for attempt, that is, general attempt in violation of Mississippi Code Annotated section 97-1-7, necessitates that the indictment include an overt act.
¶ 42. In McCullum, the appellant was indicted for and convicted of welfare fraud. McCullum, 487 So.2d at 1336. On appeal, McCullum argued that she was indicted for attempted welfare fraud. However, the State proved, and she was convicted of, the completed act of welfare fraud. Id. at 1338. Rejecting this argument, the supreme court stated the following:
Without doubt under our law an attempt is an offense separate from the completed offense and it is indictable and punishable as such. Miss.Code Ann. § 97-1-7 (1972); Mason v. State, 430 So.2d 857 (Miss.1983).
The argument is wide of the mark here because the principal offense of welfare fraud is defined to include the attempt to receive an unauthorized welfare payment. Section 97-19-71(4)(b) provides *874 that among those guilty of welfare fraud is any person who “attempts to receive ... unauthorized payment ... [.] ” Attempts are also a part of the principal offenses of welfare fraud as defined in Sections 97-19-71(2)(b), (3), and (4)(a). Where the principal offense by statute is defined to include an attempt, an indictment for the principal offense is in no way defective which employs the word “attempt[.]” See Harris v. State, 445 So.2d 1369 (Miss.1984).
Id. A logical extension of the McCullum court’s analysis includes the State’s argument that not every completed crime which is defined by statute to include an attempt to commit that crime must include an overt act in the indictment, as is required for a general attempt, because general attempt is a separate and distinct crime.
¶ 43. Brooks does cite to one case, Joshua v. State, 445 So.2d 221 (Miss.1984), in which the supreme court held that an indictment for aggravated assault was “substantially defective in that [the indictment] did not set out any alleged overt act whatsoever regarding the appellant’s attempt to cause bodily harm to the patrolman.” Id. at 223. However, none of the cases cited in the Joshua analysis stand for the proposition that an overt act must be contained in an indictment for aggravated assault. For example, the Joshua court relied on Bucklew v. State, 206 So.2d at 204, which overturned Bucklew’s attempted embezzlement conviction because the State failed to prove an overt act showing that Bucklew attempted to embezzle funds from the city. The question in Buckleiv was one of legal sufficiency. Id. Nowhere in the Bucklew opinion did the court state that an overt act was required to be set forth in the indictment for attempted embezzlement, where Bucklew was charged under an embezzlement statute rather than the general attempt statute.
¶ 44. The Joshua court also relied on Jackson v. State, 420 So.2d 1045 (Miss.1982). In Jackson, the appellant was convicted of two counts of fourth degree arson, among other charges. Id. at 1045-46. Jackson’s indictment on the fourth degree arson charges stated that he “willfully, maliciously, unlawfully, and feloniously attempted to burn a building, to-wit: a store building belonging to J.C. Wooten.” Id. at 1046. The statute Jackson was charged with violating makes it a crime to “wilfully and maliciously attempt[ ] to set fire to or attempt[ ] to burn ... any of the buildings or property mentioned in the foregoing sections.... ” Miss.Code Ann. § 97-17-9(1) (Rev.2006). On appeal, Jackson argued that the indictment was substantially defective for failing to allege an overt act toward the commission of the crime charged. Jackson, 420 So.2d at 1046. The Jackson court found that the indictment’s use of the statutory language was sufficient because the fourth degree arson statute “clearly makes an attempt to burn the structures described in the indictments a violation of the law if done willfully and maliciously.” Id. at 1048. The court went on to note that the cases relied on by Jackson to support his argument that the indictment was void for failure to articulate an overt act were inapplicable because the indictments in those cases charged violations of Mississippi Code Annotated section 97-1-7, the general attempt statute. Id. For this reason, Joshua is contrary to and does not follow Jackson, which is one of the very cases relied upon by Joshua in reaching the conclusion that an indictment for aggravated assault requires a statement of an overt act committed by the defendant. Joshua did not distinguish Jackson or overrule Jackson. See Joshua, 445 So.2d at 222. Alternatively, Joshua quoted Jackson in stating that if the of *875 fense is fully and clearly defined in the statute, an indictment in the language of the statute is sufficient. Id. at 223. The Jackson court cited to numerous cases where the supreme court has held that an indictment was sufficient to charge an offense by using only the words of the statute. Jackson, 420 So.2d at 1047 (citing Norwood v. State, 258 So.2d 756 (Miss.1972); State v. Labella, 232 So.2d 354 (Miss.1970); Love v. State, 211 Miss. 606, 52 So.2d 470 (1951); State v. Needham, 182 Miss. 663, 180 So. 786 (1938); State v. Coltharp, 176 Miss. 883, 170 So. 285 (1936); State v. Snowden, 164 Miss. 613, 145 So. 622 (1933); State v. S. Ry. Co., 112 Miss. 23, 72 So. 837 (1916)).
¶ 45. Applying this established law cited above to the case at bar, the Honorable Jim Kitchens, circuit judge, reviewed the indictment in this case and found that the indictment tracked the language of the statute and that the stricken language was not necessary. He found that the amendment allowing the excess wording to be omitted did not alter the charge in that the indictment still required the State to prove the elements of the charge as set forth in the statute for aggravated assault on a law enforcement officer.
¶ 46. Because the amendments to the indictment were as to form only, and because the State was not required to articulate an overt act in the indictment, Brooks has failed to show that the trial court erred in allowing the amendments.
II. LESSER NON-INCLUDED OFFENSE OF RECKLESS DRIVING
¶ 47. I respectfully submit that the trial court did not err in refusing Brooks’s proposed lesser non-included instruction on reckless driving. The Mississippi Supreme Court has held that if a lesser offense, as opposed to a lesser-included offense, arises from the same operative facts and has an evidentiary basis, the defendant was entitled to an instruction on the lesser charge. This jurisprudence, pertaining to a court-created right to a lesser non-included offense instruction, developed from the unique facts in the case of Griffin v. State, 533 So.2d 444 (Miss.1988).[7] However, Mississippi Code Annotated section 99-19-5 (Rev .2007) only requires an instruction on a lesser charge if the lesser charge is a lesser-included offense that arises from the charge for which a defendant is indicted. Section 99-19-5(1) provides:
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.
¶ 48. The Mississippi Supreme Court has held that notice of a superior charge in an indictment will stand for notice of a lesser-included offense. However, the supreme court has refused to allow notice of a superior charge to suffice for a lesser unindicted offense. Hailey v. State, 537 So.2d 411, 416-17 (Miss.1988). The supreme court found an indictment for forcible rape did not sufficiently inform Hailey that he might face a charge of felony child fondling. Id. The supreme court has also held that an indictment for felony child abuse did not place a defendant on notice as to a possible charge of misdemeanor *876 contributing to the neglect of a child. Moore v. State, 799 So.2d 89, 90-91(¶ 5) (Miss.2001). The supreme court found that if the State proved the elements of felony child abuse, it would not follow that all the elements of child neglect were also proven. Id. at (¶ 5) (citing Payton v. State, 642 So.2d 1328, 1334 (Miss.1994)). These cases establish that a defendant in a criminal case can be found guilty of a lesser offense for which he was not indicted, so long as it is necessarily a lesser-included offense of the offense charged, or if it was a lesser non-included offense upon which the defendant requested a jury instruction. Moore, 799 So.2d at 91(¶ 7). Thus, this court-created right to a lesser non-included instruction effectively allows a defendant to choose the crime for which he is indicted. Similarly, in this case, reckless driving is not a lesser-included offense of aggravated assault on a law enforcement officer. Reckless driving has the additional element of operation of a motor vehicle; therefore, the elements are not encompassed within the charged aggravated assault on a law enforcement officer.
¶ 49. The United States Supreme Court rejected the concept of a court-created right to a lesser non-included offense instruction. In fact, the Supreme Court stated that such a right would be “not only unprecedented, but also unworkable. Under such a scheme, there would be no basis for determining the offenses for which instructions are warranted.” Hopkins v. Reeves, 524 U.S. 88, 97, 118 S.Ct. 1895, 141 L.Ed.2d 76 (1998). As the Hopkins Court discussed, the State has the burden of choosing which crime to indict a defendant upon, as well as producing evidence to suppoi't each element. If a jury is allowed to find elements proven beyond a reasonable doubt that the State did not attempt to prove, and even ignored at trial, the jury process is rendered less rational. Id. at 99, 118 S.Ct. 1895 (citing Spaziano v. Florida, 468 U.S. 447, 455, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984)). Our State’s due process considerations under Article 3, Section 14 of the Mississippi Constitution of 1890, and Mississippi Code Annotated section 99-19-5, only require lesser-included offense instructions and in my view only allow such.
¶ 50. The current case exemplifies what the United States Supreme Court projected as unworkable jurisprudence lacking constitutional and statutory legs. It is noteworthy that the record in this case reflects that misdemeanor reckless driving charges were pending in justice court at the time of trial. Normally, double jeopardy would not attach to two offenses overlapping from the same transaction or occurrence so long as one of the offenses contained an element not present in the other. Graves v. State, 969 So.2d 845, 847 (¶¶ 8-9) (Miss.2007) (citing Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)). If the reckless driving misdemeanor charges had been tried in justice court, no double jeopardy would have attached to prevent the State from proceeding to trial on the felony charges of aggravated assault on a law enforcement officer. See Hailey, 537 So.2d at 416; Miss.Code Ann. § 99-19-5(1). The two offenses are separate and distinct in them elements. Aggravated assault on a law enforcement officer fails to encompass the elements of reckless driving, i.e., the additional element of operation of a motor vehicle.
¶ 51. An accused should not have the right to search the statute books for some other related, but not lesser-included, offense with lesser punishment and insist upon an instruction on that crime. Barber v. State, 743 So.2d 1054, 1059(¶ 19) (Miss.Ct.App.1999) (Southwick, J., dissenting). Otherwise, Brooks in this case should just *877 request a speeding instruction. Why not? Judge Southwick explained in his dissent in Barber that this extraordinary court-made doctrine was justified by the court in Griffin because the evidence on the indicted charge was weak, and there was an enormous disparity in the maximum punishments between the crimes of rape-life imprisonment-and simple assault-six months’ imprisonment and a fine. Id. at 1058 (¶¶ 14-16) (discussing Griffin, 533 So.2d at 447-48). In Griffin, the defendant asserted the defense of consensual sex, but admitted to striking the victim with his hand, i.e., simple assault. Id. at 446.
¶ 52. In Barber, Judge Southwick in his dissent argued that the extraordinary court-made doctrine should not apply because the evidence was not weak and that such a doctrine should only be applied in restricted circumstances, if at all. Barber, 743 So.2d at 1059(¶ 18). He explained that the accused should not have the unrestricted right to search the statute books for some other related, but not lesser-included, offense with a lesser punishment, and insist upon an instruction on that crime. Id. at (¶ 19). Judge Southwick wisely counseled to continue to restrict the applicable situations for utilizing this court-created doctrine of lesser-related instructions, unless the lesser-offense doctrine is just abolished or abandoned all together. Id. at 1059 (¶¶ 18-19).
¶ 53. In warning against the use of this “extraordinary” lesser-related-offense-instruction doctrine, Judge Southwick also points to a related well established criminal law doctrine that provides that even if the same facts support the conviction of two different crimes with much different punishments, the grand jury can indict for the greater, and there is no obligation that a lesser offense also be charged to the jury. Id. at 1058(¶ 15). Even where there are two statutes covering the same crime, and there is a difference in the penalty between the two statutes, the State is under no obligation to prosecute under the statute with the lesser penalty. The State may choose to prosecute under either, and so long as the choice is clear and unequivocal, the defendant has no right to complain. Barber, 743 So.2d at 1058(¶ 16).
¶ 54. Utilizing the logic of Griffin, as explained by Judge Southwick, the lesser-related-offense doctrine should not be applied in the case before us since this case does not meet the first hurdle for use of such an extraordinary doctrine. The evidence in this case supporting the two counts of aggravated assault upon Deputy Daniels and Trooper Gladney is ample. The eye-witness testimony of Officer Fultz, Deputy Daniels, Officer Phelps, Officer Coleman, and Trooper Gladney as to the crash, which ended the chase, and the videotape of the pursuit, provided a more than sufficient basis from which the jury could find Brooks guilty of two counts of aggravated assault upon Deputy Daniels and Trooper Gladney. See, e.g., Randolph v. State, 852 So.2d 547, 555(¶ 16) (Miss.2002) (“reversal can only occur when the evidence of one or more of the elements of the charged offense is such that ‘reasonable and fair-minded jurors could only find the accused not guilty’ ”).
¶ 55. Based on the foregoing, I respectfully dissent.
MYERS, P.J., GRIFFIS AND ROBERTS, JJ., JOIN THIS SEPARATE WRITTEN OPINION.

. Griffin was indicted for rape, but at trial, he testified that he and the alleged victim engaged in consensual sex earlier in the evening, but later and at a different physical setting, they quarreled which culminated in his striking the victim with his hand.