STAPLETON *v* STATE.

[95 South. 86.    No. 22961.]

INDICTMENT AND INFORMATION. *Indictment for attempt to commit offense must set forth specific overt acts.*

An indictment for an attempt to commit, under section 1049, Code 1906 (Hemingway's Code, section 777), providing that "every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevened from committing the same" shall on conviction thereof, etc., must set forth the specific act or acts constituting the overt acts towards the commission of the crime; and an indictment failing to charge the specific act or acts is bad, and a demurrer thereto will be sustained.

APPEAL from circuit court of Covington county.
HON. W. H. HUGHES, Judge.

Walter Stapleton was convicted of an attempt to distill intoxicating liquors, and he appeals. Reversed.

*E. L. Dent* and *T. W. Crawford,* for appellant.
130 Miss.—47

Under this statute relating to attempts there must be: 1. A design and endeavor to commit an offense; and, 2. Some direct overt act done towards its commission. The second is an essential element of the offense and should be specifically set forth in the indictment. We know what design and endeavor means, but we do not know what acts "certain overt acts" are, and appellant should know what acts the state would rely on to prove the attempt, in order to be able to intelligently answer the charge and not be taken by surprise, and in order that he would not again be tried for the same offense. The doing of an overt act is the very essence of the offense, and some overt act towards the commission of the offense must be set out in the indictment, and this averment cannot be dispensed with by the state, or waived by the appellant. True, appellant took advantage of this defect in the indictment by demurrer but we seriously doubt if the indictment would stand the test under the constitutional requirement that appellant had the right to have the nature and cause of the accusation preferred against him clearly and fully stated, even if no demurrer had been interposed. The grand jury had to know what overt acts appellant did toward the commission of the crime before it could find and return the indictment in a lawful manner. It would not have done for the indictment to have read: "did and perform certain overt acts towards the commission thereof." If the grand jurors knew of no overt acts done by appellant towards the commission of the offense, they could never have returned the indictment. The doing of an overt act toward the commission of the offense is essential to the indictment, and such act or acts must be substantially set out in the indictment before there can be a valid indictment under the statute or at common law. *Cunningham* v. *State,* 49 Miss. 685; *State* v. *Wade,* 59 So. 880; *Stokes* v. *State,* 46 So. 627; *Smith* v. *State,* 73 So. 793.

We are not favored with a copy of the indictment in the case of *Powell* v. *The State,* 90 So. 625, decided February 20, 1922, Justice HOLDEN being the organ of the court. This

case cites and approves the doctrines set forth in the Cunningham and Stokes cases, cited supra. We cite and assert with confidence that the indictment in this Powell case contains the averment that Powell did some of the acts set out in the opinion toward the commission of the offense, but we cannot tell from the opinion that any objection was made to the sufficiency of the indictment.

In the case of State v. Wade, 59 So. 880, this court says, citing and quoting section 1049, Code of 1906: "This definition of an attempt to commit a crime is the same as at common law, and since at common law it is not necessary to allege that the defendant failed to commit or was prevented from committing the crime attempted (Bishop's Directions and Forms (2 Ed.), Nos. 100 to 112, inclusive and 910 and 911), we see no reason why it should be necessary to so allege under the statute." Out of respect for this decision saying that an attempt to commit a crime under the statute is the same as at common law, and not being able to find a case decided by this court on the point we are here attempting to argue, we shall now turn to the common law, and decisions from other states in an effort to aid the court in saying whether or not it is essential to an indictment that the overt acts done towards the commission of the offense should be set out in the indictment. 2 Bishop's New Criminal Procedure, page 39, No. 71; 12 Standard Encyclopaedia of Procedure, page 469; U. S. v. Ford, 34 Fed. 26; State v. Frazier, 53 Kan. 87, 36 Pac. 58, Am. St. Rep. 274; State v. Doran, 99 Me. 329, Alt. 440, 105 Am. St. Rep. 279; 6 Cyc. of Law and Pr., p. 225; See, also, 3 Ency. of Pl. & Pr., p. 799, and cases cited; Jacob Hogan v. State, 50 Fla. 86, 7 A. & E. Ann. Cases, page 139.

The rule applied in this case, that an indictment must specifically allege and set out the overt act done towards the commission of the offense, is supported by the authorities. See Note to above case 7 A. & E. Ann. Cases, 140. 3 Am. & Eng. Ency. Law, (2 Ed.), p. 254, and notes from 1 to 5 inclusive; 16 Corpus Juris, p. 113, and notes thereunder; Wilson v. State, 85 Miss. 687, 38 So. 46. Both the

criminal intent and an overt act adapted and intended to effectuate the purpose must be specifically alleged and proved.

Webster's International Dictionary defines the word "attempt" viz: "To endeavor to do or perform some action." "Attempt to commit a crime, such an intentional preparatory act as will apparently result, if not extrinsically hindered, in a crime which it was designed to effect."

Therefore, the indictment in the case at bar boiled down, merely alleges that appellant attempted to make and distill intoxicating liquors by attempting to make and distill intoxicating liquors. It is not set out what overt act he did towards the commission of the offense, and therefore, the indictment is fatally defective and cannot withstand the demurrer.

"An indictment must charge the acts constituting the offense directly, clearly, and precisely, and not argumentatively, inferentially, or by the process of exclusion." *Harkness* v. *State*, 48 So. 294; *First Insurance Companies* v. *State*, 75 Miss. 24, at page 39, 22 So. 99, at page 103.

Section 26 of the state constitution accords to every person charged with crime the right "to demand the nature and cause of the accusation." "The indictment left it uncertain what the state expected to prove, and for this reason it was impossible for the defendant to prepare his defense, if any he had, to the charge attempted to be preferred against him." The charge in the indictment must be definite and unambiguous." *Montgomery* v. *State*, 65 So. 572; *Jesse* v. *State*, 28 Miss. 100; *Murphy* v. *State*, 24 Miss. 590; *State* v. *Silverberg*, 78 Miss. 863, 29 So. 761.

The common law and the law in every state in the union requires that the indictment set out some overt a t toward the commission of the offense unless such an averment is dispensed with by the statute.

We respectfully submit that the demurrer to the indictment was well taken and should have been sustained by the court, and by reason of the court not sustaining the demurrer this cause is bound to be reversed, and appellant

either discharged or held to await the further action of the grand jury.

*H. Talbot Odom,* special assistant attorney-general, for the state.

Counsel for appellant cite numerous authorities in support of his contention. The state admits that the rule laid down in all these authorities, and all other authorities which I have had occasion to examine, is that the specific overt act should be set out where the accused is charged with an attempt to commit a crime. In other words, it is conceded that the indictment in the case at bar should have set out the specific overt act committed by appellant in his attempt to manufacture intoxicating liquor. The failure to do so was unquestionably error. But in view of the facts disclosed by the record in this case, I am convinced that the failure to set out the specific overt act did not in any way prejudice the rights of the appellant. Counsel for the appellant did not point out any harm that was done his client. In fact, it would be impossible to conceive of any defense that the appellant could have made that he failed to make if the indictment had set out every overt act proved by the state in making out a case against him.

Only those errors which deprive the accused of some substantial right should be held to be reversible error, and a conviction should be permitted to stand, unless the error complained of has caused a substantial injury. *Thomas* v. *State,* 117 Miss. 532, 78 So. 147.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted for an attempt to distill intoxicating liquors, the indictment reading as follows:

"The grand jurors for the state of Mississippi, elected, impaneled, sworn and charged, in and for Covington county, state aforesaid, in the name of and by the authority of the state of Mississippi, upon their oath present that Walter

Stapleton, Grover Miller and Otho Miller on the ———— day of April, 1921, in Covington county aforesaid, did then and there unlawfully and feloniously attempt, design, and endeavor to commit a certain offense, to-wit, to unlawfully and feloniously make and distill intoxicating liquors, and did then and there do and perform certain overt acts towards the commission of said offense but was prevented from committing said offense: Against the peace and dignity of the state of Mississippi."

This indictment was demurred to, and the demurrer overruled. Thereupon appellant was placed upon trial and convicted and sentenced to the penitentiary for one year; from which judgment he appeals here.

The overruling of the demurrer to the indictment is one of the assignments of error.

It will be noted from a reading of the indictment above set out that the particular acts relied on to constitute the overt act necessary to establish an attempt to commit an offense is not set forth in the indictment. The statute upon which the indictment is predicated is section 1049, Code of 1906 (Hemingway's Code, section 777), and reads as follows:

"Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall fail therein, or shall be prevented from committing the same, on conviction thereof, shall, where no provision is made by law for the punishment of such offense, be punished as follows: If the offense attempted to be committed be capital, such offense shall be punished by imprisonment in the penitentiary not exceeding ten years; if the offense attempted be punishable by imprisonment in the penitentiary, or by fine and imprisonment in the county jail, then the attempt to commit such offense shall be punished for a period or for an amount not greater than is prescribed for the actual commission of the offense so attempted."

The statute is of course in general terms, and while ordinarily an indictment may follow the language of the

statute, this is not true where the statute does not define particular acts which make the offense, but leaves to the circumstances of the case the proof of one of many possible acts which would go to make up the offense.

In *Harrington* v. *State,* 54 Miss. 490, at page 494, the court, in discussing the rule applicable, said:

"Though, as a general rule, it is sufficient to charge a statutory offense in the words of the statute, yet this rule does not apply where there are, in the language of the statute, no sufficient words to define any offense. *Jesse* v. *State,* 28 Miss. 100; *Sarah* v. *State,* 28 Miss. 267, 61 Am. Dec. 544."

This rule has been approved in the subsequent case of *Finch* v. *State,* 64 Miss. 461, 1 So. 630; *State* v. *Bardwell,* 72 Mis. 538, 18 So. 377.

In 3 Enc. Pl. & Pr., p. 98, in discussing the indictment for attempts, it is said:

"Indictments for attempts to commit crimes must aver the intent and the overt act constituting the attempt; but the overt act charged need not be the last proximate act to the consummation of the offense attempted."

In support of this rule is cited *State* v. *Wilson,* 30 Conn. 500; *Com.* v. *McLaughlin,* 105 Mass. 463; *Com.* v. *Sherman,* 105 Mass. 169; *State* v. *Utley,* 82 N. C. 556; *State* v. *Colvin,* 90 N. C. 717; *Smith* v. *Com.,* 54 Pa. 209, 93 Am. Dec. 686; *Com.* v. *Clark,* 6 Gratt. (Va.) 675; *Hicks* v. *Com.,* 86 Va. 226, 9 S. E. 1024, 19 Am. St. Rep. 891; *State* v. *Baller,* 26 W. Va. 90, 53 Am. Rep. 66.

In *State* v. *Wilson,* 30 Conn. 500, it is held that the overt act must be such as is itself adapted to produce the intended effect; and that it may be seen to be so adapted it must be so averred.

In *State* v. *Brannan,* 3 Nev. 338, it is held that an indictment charging an attempt to commit a crime must set out the acts constituting the attempt, and a failure to do so renders the indictment defective. See, also, *In re Lloyd,* 51 Kan. 501, 33 Pac. 307.

Some few states hold to the contrary, but we think that the indictment ought to aver the overt act as well as the felonious intent necessary in felonies to make out the case. It would be unfair to the defendant to require him to run the gauntlet of any and every act that might be sufficient, if proven, to constitute the attempt.

It follows that the demurrer ought to have been sustained. The judgment will be reversed, the demurrer sustained, and defendant held on his bond to await the action of the next grand jury.

*Reversed.*