445 So.2d 221 (1984)
Lethel JOSHUA
v.
STATE of Mississippi.
No. 54511.
Supreme Court of Mississippi.
January 25, 1984.
Hermel Johnson, Jackson, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and BOWLING and ROBERTSON, JJ.
BOWLING, Justice, for the Court:
Appellant was tried and convicted in the Circuit Court of the Second Judicial District of Hinds County. As hereinafter discussed, we can only surmise with a reasonable degree of assurance regarding the crime for which he was indicted and convicted. The indictment was fatally defective, the error was fully preserved and we are mandated to reverse and remand the cause for proper indictment.
It is elemental that every person accused of a crime has the legal right to be informed properly of the charges under which he is to be tried. The cause grew out of a purported altercation that occurred on the night of July 31, 1981, near Utica, Mississippi, on Highway 18. According to the record appellant was driving a van owned and operated by him and occupied by three other persons. The vehicle was stopped by a member of the Mississippi Highway Patrol. The testimony is conflicting as to what occurred. We recite only that pertaining to the reason the cause is being reversed and remanded. The state's evidence was to the effect that appellant at one time struck the officer with his fist; there was a tussle or altercation on the edge of the roadway during which the officer's revolver fell from its holster; the appellant picked up the revolver. According to the patrolman, the revolver was pointed at him and a threat was made to shoot him. The officer fled from the scene. The testimony of the defense was that certain actions occurred at the scene but there was no effort to shoot the officer and no assault made on the officer.
We point out the above brief statement to emphasize that the state's evidence tended to show a number of overt acts committed by appellant.
*222 Appellant evidently was indicted under the terms of Mississippi Code Annotated, Section 97-3-7(2) (1974). This section provides penalties for "aggravated assault". It was passed into law under Chapter 458 of the Laws of 1974. Although the code section was not mentioned in the indictment, it is clear, as stated above, that the charge was intended to come within the provisions of the above numbered code section which provides as follows:
§ 97-3-7. Simple assault; aggravated assault.
(2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; and, upon conviction, he shall be punished by imprisonment in the county jail for not more than one (1) year or in the penitentiary for not more than twenty (20) years. Provided, however, a person convicted of aggravated assault upon a law enforcement officer or fireman while such law enforcement officer or fireman is acting within the scope of his duty and office shall be punished by a fine of not more than five thousand dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both.
The indictment under which appellant was charged read as follows:
The Grand Jurors for the State of Mississippi, taken from the body of good and lawful persons of the Second Judicial District of Hinds County, in the State of Mississippi, elected, impaneled, sworn, and charged to inquire in and for said District, County and State aforesaid, in the name and by the authority of the State of Mississippi, upon their oaths present: That Lethel Joshua a/k/a Josh in said District, County and State on the 31st day of July, A.D. 1981, did, with intent, wilfully, unlawfully and feloniously attempt to cause serious bodily injury to the body of Dennis Wayne Abel who was then and there a duly appointed and presently acting law enforcement officer, to-wit: a sworn officer of the Mississippi State Highway Patrol, being then and there engaged in the performance of said law enforcement officer's official duties, he/she the said Lethel Joshua a/k/a Josh then acting knowingly and recklessly under circumstances manifesting extreme indifference to the value of human life.
It is noted that the only charge in the indictment is that the appellant did "attempt to cause serious bodily injury... ." Prior to trial appellant filed a motion to quash the indictment alleging that it did not set out any overt acts allegedly committed by appellant in making his attempt or any other facts sufficient to inform appellant of the acts he did under his attempt to commit a crime.
In a number of cases we clearly have set forth the requisites of an indictment under a charge of an attempt to perform a criminal act. In Bucklew v. State, 206 So.2d 200 (Miss. 1968), we held that our statutory law requires proof of an overt act in order to sustain a conviction of an attempt to commit a crime. See also, Jackson v. State, 420 So.2d 1045 (Miss. 1982); Ford v. State, 218 So.2d 731 (Miss. 1969); State v. Burton, 145 Miss. 821, 111 So. 300 (1927); and Stapleton v. State, 130 Miss. 737, 95 So. 86 (1923).
In Burchfield v. State, 277 So.2d 623 (Miss. 1973), we stated as follows:
It has long been the law of this land that an accused person has a constitutional right to be informed of the nature and material elements of the accusation filed against him. All the authorities are to the effect that an indictment, to be sufficient upon which a conviction may stand, must set forth the constituent elements of a criminal offense. Each and every material fact and essential ingredient of the offense must be with precision and certainty set forth.
(277 So.2d at 625)
In Jackson, supra, we stated:

*223 If the offense is fully and clearly defined in the statute, an indictment in the language of the statute is sufficient; otherwise, the indictment should charge the offense by the use of additional words that clearly set forth every element necessary to constitute the crime.
(420 So.2d at 1046).
In Stapleton, supra, we stated:
The statute [intent statute] is of course in general terms, and while ordinarily an indictment may follow the language of the statute, this is not true where the statute does not define particular acts which make the offense, but leaves to the circumstance of the case the proof of one of many possible acts which would go to make up the offense.
(95 So. at 87).
In addition to our prior cases regarding the necessity of informing the accused in the indictment of the acts he is accused of doing that comprise the "attempt", we note rule 2.05 of the Mississippi Uniform Criminal Rules of Circuit Court Practice. This rule requires that the indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him." Referring to the quoted section under which appellant obviously was attempted to be indicted, the section merely states that "[A] person is guilty of aggravated assault, if he (a) attempts to cause serious bodily injury to another or causes such injury purposely, knowingly or recklessly under such circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm ..." As stated at the outset, one of the several possible overt acts was testimony that at least during part of the time involved in the incident, appellant had the patrolman's gun in his hand pointed at the patrolman. In addition to this, there was testimony that prior to that time, the appellant struck the patrolman with his fists. He was in turn struck with the patrolman's flashlight and an altercation occurred prior to the time of the gun incident. The only weapon mentioned in the above code section is a "deadly weapon." The activities allegedly entered into by appellant and the patrolman included several activities other than pointing a deadly weapon. None of these, including a deadly weapon, were set out in the indictment.
As stated previously, appellant, prior to trial, filed his motion to quash the indictment. He did not file a demurrer under the provisions of MCA § 99-7-21 (1972). We have held, however, that a demurrer is necessary only when there is a formal defect in the indictment that can be amended and does not apply when the indictment defect is substantive. (Maxie v. State, 330 So.2d 277 (Miss. 1976)). Here in the case sub judice the Court was fully informed of the indictment's defect by appellant's motion to quash. We hold that the indictment was substantially defective in that it did not set out any alleged overt act whatsoever regarding appellant's attempt to cause bodily harm to the patrolman. Appellant, as hereinbefore discussed, was constitutionally entitled to be advised of the overt act or acts comprising his attempt. It is therefore necessary under the law that we reverse and remand the cause for proper indictment and trial thereunder.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.