# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CT-00828-SCT

*DAVID BROOKS*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 05/05/2006 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS, JR. |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | STEPHANIE L. MALLETTE |
| | PHILLIP BROADHEAD |
| ATTORNEY FOR APPELLEE: | OFFICE OF ATTORNEY GENERAL |
| | BY: LADONNA C. HOLLAND |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY IS REVERSED AND REMANDED FOR A NEW TRIAL - 10/08/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     This appeal arises from the conviction of David Brooks on two counts of aggravated assault arising from attempts to flee law enforcement officers. Brooks was sentenced to twenty years for each count, to be served consecutively. The initial appeal was decided by the Court of Appeals, which reversed Brooks's conviction and remanded the matter to the

trial court for a new trial. **Brooks v. State**, 2008 WL 4866812, at *1 (Miss. Ct. App. Nov. 12, 2008). We find that the Court of Appeals erred when it found the amended indictment to be fatally defective, and we reverse as to this issue.

## FACTS AND PROCEEDINGS BELOW

¶2.     On February 11, 2003, Brooks, a twenty-two-year-old male, made an improper right-hand turn onto Highway 82 in Starkville, Mississippi, which was witnessed by two local law enforcement officers. Starkville Police Officer Andy Fultz attempted to pull Brooks over to give him a warning, but Brooks did not stop, and a multiple-vehicle chase ensued.

¶3.     Brooks cut off other cars and ran red lights, although Officer Fultz noted that Brooks was not driving at an excessive rate of speed. At one point, Brooks was forced to turn around at the end of a dead-end street. Deputy Sheriff Dennis Daniels tried to block him in with his patrol car, but Brooks cut through a yard to evade the blockade, nearly hitting Deputy Daniels, who had exited his vehicle. Deputy Daniels testified that he had to "almost dive back into the patrol car and pull [the] door shut to avoid getting hit by him." Officer Fultz, however, testified that Brooks "did take the ditch to avoid hitting the car." Several other law enforcement officers soon joined in the chase, and Starkville Police Officer Shanks Phelps captured the rest of the chase on videotape.

¶4.     Brooks drove through two more roadblocks and nearly struck Starkville Police Officer Shane Knight at the second one, avoiding Officer Knight by passing him on the shoulder of the road. Then, as Brooks was driving on the wrong side of the road, he almost hit the patrol car of Highway Patrol Trooper Steve Gladney, but Trooper Gladney pulled off onto the shoulder of the road to avoid Brooks. The chase ended when Brooks lost control of his car

2

near the airport exit and crashed into an embankment. Brooks never struck any of the pursuing officers or their cars with his vehicle.

¶5. Brooks was indicted on five counts of aggravated assault on a law enforcement officer.[1] On the morning of trial, the State moved to amend the indictments in counts one through five to delete "the excess wording." The trial court granted the State's motion to amend the indictments.[2] Deleted from counts two and four was the language "by attempting to hit and/or run over the said [law enforcement officer] with his vehicle."

¶6. At trial, Brooks testified that he never intended to hit any of the law enforcement officers. The jury convicted Brooks of two counts of aggravated assault – the counts involving Deputy Daniels and Trooper Gladney. The trial court sentenced Brooks to serve two consecutive, twenty-year prison terms in the custody of the Mississippi Department of Corrections. **Brooks**, 2008 WL 4866816, at *1-2.

---

[1] Initially, Count 2 of Brooks's indictment charged that Brooks "did unlawfully . . . attempt to cause bodily injury to Trooper Steve Gladney, a law enforcement officer . . . , by a means likely to produce death or serious bodily harm by attempting to hit and/or run over the said Trooper Steve Gladney with his vehicle . . . ." Similarly, Count 4 of the indictment charged Brooks with "attempt[ing] to cause bodily injury to Deputy Dennis Daniels . . . , by a means likely to produce death or serious bodily harm by attempting to hit and/or run over said Deputy Dennis Daniels with his vehicle . . . ." Similar deletions were made to the other counts, but since Brooks was acquitted of those counts, they are not relevant to this appeal. **Brooks**, 2008 WL 4866812, at *2 n.1.

[2] In granting the State's motion to amend the indictment, the trial court stated that there was no objection to the amendments to the indictments, but upon review of the record, the Court of Appeals found that to be a misstatement. The Court of Appeals found that defense counsel for Brooks did object to the amendments, stating to the trial judge: "I think intent is an element that should be proven, and I don't – do not think that those clauses should be taken out." **Brooks**, 2008 WL 4866812, at *2. Since we hold that the amended indictment was not fatally defective, the issue as to whether any objection was made to the amendments is of no consequence and will not be further discussed.

3

¶7. On appeal, Brooks asserted that his objection to the amended indictments had been improperly overruled and that the amendment was insufficient under the law to properly charge him with aggravated assault. *Id.* at *1. Specifically, Brooks asserted that the change in the charging language had substantially prejudiced his defense by materially altering the facts alleged in the original indictment. *Id.* Brooks also argued that the trial court had erred when it refused to instruct the jury as to the lesser-included offense of simple assault and the lesser, nonincluded offense of reckless driving. *Id.*

¶8. The Court of Appeals agreed, finding that the failure to specify the overt act(s) necessary to the completion of the crime of attempt caused the indictment, as amended, to be fatally defective. In reaching this conclusion, the Court of Appeals relied upon *Joshua v. State*, 445 So. 2d 221 (Miss. 1984). *Brooks*, 2008 WL 4866816, at *9. The Court of Appeals also found that the trial court had erred in refusing Brooks's proposed jury instruction as to the lesser, nonincluded offense of reckless driving.[3] *Id.* The Court of Appeals, therefore, reversed the trial court's decision and remanded the case for a new trial, instructing the court to replace the stricken language in the indictments and to allow the jury to consider the lesser, nonincluded offense of reckless driving.[4] *Id.*

---

[3] The Court of Appeals noted that the trial court had admitted that Officer Phelps's video of the chase provided "more than 'ample evidence' to determine that Brooks was driving recklessly." *Brooks*, 2008 WL 4866816, at *6.

[4] As the Court of Appeals pointed out, both Brooks and the State, during the jury instruction conference, agreed that a vehicle driven in a dangerous manner would be considered a deadly weapon. Thus, the Court of Appeals correctly held that a jury instruction on the lesser-included offense of simple assault was not warranted under Mississippi Code Section 97-3-7(2)(b). *Brooks*, 2008 WL 4866816, at *4-5; citing Miss. Code Ann. § 97-3-7 (Rev. 2006), *Hutchinson v. State*, 594 So. 2d 17, 19 (Miss. 1992).

4

¶9.     The State of Mississippi petitioned for rehearing, arguing that *Joshua* was improperly relied upon by the trial court, and that *Joshua* is not in line with Mississippi law because it requires the inclusion of the separate elements of attempt in the indictment for aggravated assault.  The State additionally argued that the other precedent relied upon by the Court of Appeals was inapplicable to Brooks's case, because those cases involved defendants being indicted under the general attempt statute, while Brooks was indicted under the aggravated assault statute.  *See* Miss. Code Ann. § 97-3-7(2)(b) (Rev. 2006)[5] and Miss. Code Ann. § 97-1-7 (Rev. 2005).

¶10.    The State also argued that the Court of Appeals' finding that Brooks was entitled to a jury instruction on the lesser, nonincluded offense of reckless driving was in error.  The State contended that no reasonable jury could have found Brooks not guilty of aggravated assault and simultaneously have found him guilty of reckless driving.

¶11.    The petition for rehearing was denied, and the State filed a petition for writ of certiorari with this Court, which was granted.

**DISCUSSION**

¶12.    On writ of certiorari, we find that our previous decision in *Joshua v. State* was wrongly decided and should be overruled.  445 So. 2d 221 (Miss. 1984).  Therefore, the Court of Appeals incorrectly decided that the aggravated-assault indictment in this case was

---

[5] Mississippi Code Section 97-3-7 has been amended by the Legislature to protect children from assault in domestic violence situations.  *See* 2009-2 Miss. Laws Adv. Sh. p. 182 (LexisNexis) (eff. July 1, 2009).  However, those amendments do not affect the disposition of this case.  *See* Miss. Code Ann. § 99-19-1 (Rev. 2005) ("[c]hange of law not to affect prosecution or punishment of crime committed prior to change.").

substantially defective for failing to include the separate elements of attempt. Thus, we reverse the Court of Appeals as to this issue.

### I. Whether Brooks's amended indictment was fatally defective.

¶13. As in this case, the defendant in *Joshua* was indicted for aggravated assault upon a police officer. *Joshua*, 445 So. 2d at 222. The indictment in that case tracked the language of the aggravated-assault statute. *See* Miss. Code Ann. § 97-3-7 (Rev. 2006). With respect to the elements of the crime of aggravated assault, the statute remains unchanged from the time *Joshua* was decided.[6] It provides, in pertinent part:

> (2) A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm . . . .

Miss. Code Ann. § 97-3-7(2) (Rev. 2006).

¶14. As in the present case, Joshua challenged the indictment against him for failing to allege any overt acts committed in furtherance of the alleged attempted aggravated assault. The *Joshua* Court decided that the indictment was defective for failing to set out an overt act, as required for the crime of attempt. *Joshua*, 445 So. 2d at 222-23. In reaching this conclusion, the Court relied primarily upon the case of *Bucklew v. State*, 206 So. 2d 200 (Miss. 1968), holding that "[o]ur statutory law requires proof of an overt act in order to

---

[6] The statute has been substantially amended over the last two decades, primarily by adding a section dealing with domestic violence. No amendments have been made to the portion of the statute identifying the crime of aggravated assault. *See* Miss. Code Ann. § 97-3-7 (Rev. 2006).

sustain a conviction of an attempt to commit a crime." *Joshua*, 445 So. 2d at 222 (citing *Bucklew*, 206 So. 2d at 202).

¶15.    Initially, the *Joshua* Court correctly recited the holding of *Bucklew*. *Joshua*, 445 So. 2d at 222.  At this point, however, the *Joshua* Court apparently conflated the *Bucklew* decision with the general requirement that "an accused person has a constitutional right to be informed of the nature and material elements of the accusation filed against him." *Id.* (holding that "the indictment [for aggravated assault] was substantially defective in that it did not set out any alleged overt act whatsoever regarding appellant's attempt to cause bodily harm to the patrolman.").  In so doing, the *Joshua* decision read far more into the *Bucklew* holding than was contained therein.

¶16.    In *Bucklew*, the defendant was indicted for violation of then-Section 2122 of the Mississippi Code of 1942, embezzlement of public accounts by a state, county or municipal officer. *Bucklew*, 206 So. 2d at 201. That statute made either actual embezzlement or attempted embezzlement a criminal act. Miss. Code Ann. § 2122, Code of 1942, Recompiled (1956).  The Court found that, to prove attempted embezzlement, the State would have to put on proof of an overt act.  However, nowhere in the *Bucklew* opinion does there appear a requirement that an overt act be set forth in the criminal indictment.  The *Bucklew* Court was commenting on the proof required for the crime set out in the indictment, and nothing more. *Bucklew*, 206 So. 2d at 202-204.

¶17.    Therefore, when the *Joshua* Court held, in essence, that the separate elements of attempt must be set out in a criminal indictment for aggravated assault, it erred in its reading of *Bucklew*.  *See Joshua*, 445 So. 2d at 222-23; *Bucklew*, 206 So. 2d at 202.

7

¶18. An indictment is required to set out the elements of the crime charged. Where the statute under which the defendant is charged fully and clearly defines the offense and the indictment contains the statutory language, that burden is met. *Jackson v. State*, 420 So. 2d 1045, 1046 (Miss. 1982). To determine this, we examine the statute to ascertain if the language is specific enough to give notice of the act made unlawful, and exclusive enough to prevent its application to any other acts other than those made unlawful. *Id.* at 1047.

¶19. In *Jackson*, we examined Mississippi Code Section 97-17-9, which makes any of four different acts in the alternative punishable as fourth-degree arson. *Jackson*, 420 So. 2d at 1046. Two of those alternatives include attempts. *Id.* at 1047. The *Jackson* defendant also argued the indictment against him was defective for failing to charge an overt act where the charge included attempt. We pointed out that Jackson was not charged with attempt under the general attempt statute, but was charged with fourth-degree arson. *Id.* at 1048. Thus, any requirements for indictments under that separate statute had no application to indictments under the general attempt statute. *Id.*

¶20. We further noted that the fourth-degree arson statute clearly made an attempt a violation of the law if done willfully and maliciously; the statute "plainly and fully informed appellant of the nature and the causes of the charges against him." *Id.* (citing Miss. Code Ann. § 97-17-5 (Rev. 2006)).

¶21. Similarly, in *McCullum v. State*, 487 So. 2d 1335 (Miss. 1986), the defendant was tried and convicted of welfare fraud for attempting to fraudulently receive an unauthorized payment of food stamps," under Mississippi Code Section 97-19-71. *See id.* at 1337; Miss. Code Ann. § 97-19-71 (Rev. 2008). Specifically, that statute provides that, in addition to

8

actually acquiring a food stamp by fraud, a person is guilty of welfare fraud for *attempting* through fraud to acquire a food stamp. ***Id.*** (emphasis added).

¶22. On appeal, McCullum argued that, while she had been indicted for attempted welfare fraud, she had been convicted of the completed offense. ***Id.*** at 1338. In affirming her conviction, this Court pointed out that "[w]here the principal offense by statute is defined to include an attempt, an indictment for the principal offense is in no way defective which employs the word 'attempt.'" ***Id.***

¶23. Here, Brooks was indicted for aggravated assault under Mississippi Code Section 97-3-7, which sets out the actions constituting that crime. One action constituting aggravated assault is an *attempt* to cause bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm. Miss. Code Ann. § 97-3-7 (Rev. 2006) (emphasis added). Since Brooks was not indicted under the general attempt statute, it was unnecessary to set out the elements of that separate crime.

¶24. The statute which is at issue here, the aggravated-assault statute, clearly and fully informs the reader that causing or *attempting* to cause bodily injury to another, either with a deadly weapon or by some other means likely to produce death or serious injury, will constitute the crime of aggravated assault. Miss. Code Ann. § 97-3-7 (Rev. 2006) (emphasis added). Thus, even though a person is guilty of aggravated assault if he or she attempts to commit the crime, there is no requirement that the elements of attempt under the general attempt statute, Mississippi Code Section 97-1-7, must be included in an indictment for aggravated assault.

¶25. Therefore, *Joshua v. State* should be overruled, and we expressly do so now. The decision of the Court of Appeals that Brooks's amended indictment was fatally defective is reversed, and the finding of the trial court with respect to this issue is reinstated and affirmed.

**II.      Whether Brooks was entitled to a jury instruction on the lesser, nonincluded offense of reckless driving.**

¶26. The State also argues that the Court of Appeals erred when it determined that Brooks was entitled to have his proffered jury instruction on the lesser, nonincluded offense of reckless driving given to the jury. Specifically, the State argues that such an instruction is not warranted by the evidence and that no reasonable jury could have found Brooks not guilty of aggravated assault but guilty of reckless driving. We disagree.

¶27. Proposed jury instructions generally should be granted if they are correct statements of law, are supported by the evidence, and are not repetitious. *Green v. State*, 884 So. 2d 733, 737 (¶ 13) (Miss. 2004). As the Court of Appeals correctly held, reckless driving is a separate and distinct offense from aggravated assault.[7] However, if a lesser, nonincluded offense, as opposed to a lesser-included offense, arises from the same operative facts and has an evidentiary basis, this Court has held that "the defendant is entitled to an instruction for the lesser [nonincluded] charge the same as if it were a lesser-included charge." *Brooks*, 2008 WL 4866816, at *6 (citing *Moore v. State*, 799 So. 2d 89, 91 (¶ 7) (Miss. 2001)).

---

[7] The reckless-driving statute makes it an offense to drive any vehicle in a manner which indicates a willful or wanton disregard for the safety of persons or property, but it does not provide a penalty for actual injury inflicted upon a person. *See Gray v. State*, 427 So. 2d 1363, 1356 (Miss. 1983); Miss. Code Ann. § 63-3-1201 (Rev. 2004).

¶28. Here, as the Court of Appeals noted, the trial court admitted that Officer Phelps's video of the chase provided "more than 'ample evidence' to determine that Brooks was driving recklessly," and Brooks testified that he did not intend to hit any of the law enforcement officers. **Brooks**, 2008 WL 4866816, at *2, 6. Further, Officer Fultz testified that Brooks "[took] the ditch to avoid hitting [Deputy Daniels's] car" when evading the blockade at the dead-end street. Officer Fultz also testified that, although Brooks cut off other cars and ran red lights, he was not driving at an excessive rate of speed. Finally, Brooks avoided Officer Knight at the second roadblock by passing his car on the shoulder of the road.

¶29. The Court of Appeals found that this evidence, which was presented at trial, was sufficient such that a reasonable jury could have found Brooks not guilty of aggravated assault but, at the same time, guilty of the lesser, nonincluded offense of reckless driving. Specifically, the Court of Appeals found that:

> [T]he jury could well have found that, rather than attempting to hit Deputy Daniels with his car, Brooks was merely attempting to avoid running into Deputy Daniels's vehicle, which was blocking the road. Further, the jury might have concluded, from reviewing the video evidence, that Brooks went into Trooper Gladney's lane to allow more room for a car which had pulled over to the right side of the road, and that he did not attempt to hit Trooper Gladney or run him off the road.

**Brooks**, 2008 WL 4866816, at *7.

¶30. The State argues that no reasonable jury could have found Brooks not guilty of aggravated assault and at once guilty of reckless driving. Specifically, the State contends, in its Amended Petition for Writ of Certiorari, that "[t]he only relevance of Brooks's contention that he did not intend to harm the officers is that it created a conflict in the

11

evidence for the jury to resolve." However, the jury in this case had no choice but to resolve that conflict in favor of aggravated assault. As the Court of Appeals correctly pointed out, "[b]oth sets of [Brooks's proffered] instructions were refused by the trial court, which gave the jury the option to find Brooks guilty only of aggravated assault of law enforcement officer." *Brooks*, 2008 WL 4866816, at *4.

¶31. The State argues, in its Amended Petition for Writ of Certiorari, that "[t]he trial court may not, however, permit the jury to choose between the crime charged and some lesser offense where the evidence to support a verdict of guilt of [the lesser offense] necessarily proves guilt of the greater crime as well." *Rowland v. State*, 531 So. 2d 627, 631-32 (Miss. 1988). The State contends that "the evidence to prove the crime charged and evidence to prove reckless driving is the same." *Id.*

¶32. The State misapprehends the evidence required to prove the two separate crimes. Aggravated assault, as charged against Brooks in this case, requires the State to prove that Brooks "attempt[ed] to cause bodily injury to [Deputy Daniels or Trooper Gladney] with a deadly weapon" or "purposefully or knowingly caus[ed] bodily injury to [Deputy Daniels or Trooper Gladney] with a deadly weapon." *See* Miss. Code Ann. § 97-3-7 (Rev. 2006). Since neither officer was actually injured, the State's only recourse is to prove that Brooks attempted to injure them.

¶33. While the separate elements of attempt are not required to be included in the indictment for aggravated assault (see Section 1, *supra*), the State still must prove those elements at trial. An attempt to commit a crime consists of three elements: (1) an intent to commit a particular crime; (2) a direct ineffectual act done toward its commission; and (3)

12

the failure to consummate its commission. *Hughes v. State*, 983 So. 2d 270 (Miss. 2008); Miss. Code Ann. § 97-1-7 (Rev. 2006). Accordingly, to convict Brooks of aggravated assault based on an attempt to injure the officers with his vehicle, a deadly weapon, the State was required to prove that Brooks *intended* to injure them.

¶34. There is no intent requirement in the reckless-driving statute, which simply criminalizes driving a vehicle in a manner that indicates a wilful or wanton disregard for the safety of persons or property. Miss. Code Ann. § 63-3-1201 (Rev. 2004). Therefore, the evidence to support a verdict of guilt of reckless driving does not necessarily prove guilt of aggravated assault, under *Rowland*, because a conviction for aggravated assault requires proof of intent. *Rowland*, 531 So. 2d at 631-32.

¶35. As discussed above, there was conflicting evidence as to whether Brooks intended to injure the law enforcement officers in this case. That is a fact question to be resolved by the jury. If the jury found that Brooks did intend to injure the officers, he would be guilty of aggravated assault based on his attempt to do so. However, if the jury found that Brooks did not intend to injure the officers, he would be not guilty of aggravated assault but guilty of reckless driving. The two crimes require proof of different elements, and the jury should have been given a choice between them.

¶36. Thus, we agree with the Court of Appeals and hold that, based on the evidence presented at trial, Brooks should have been allowed to instruct the jury as to the lesser, nonincluded offense of reckless driving.

**CONCLUSION**

13

¶37. We reverse the Court of Appeals' holding that an indictment for aggravated assault is required to set out an overt act constituting an attempt when Brooks was not indicted under the general attempt statute. ***Joshua v. State***, 445 So. 2d 221 (Miss. 1984), is overruled. We reinstate and affirm the trial court's decision to overrule Brooks's objection to the amended indictment. We affirm the Court of Appeals' holding that Brooks was entitled to a jury instruction on the lesser, nonincluded offense of reckless driving, and we reverse the judgment of the Circuit Court of Oktibbeha County and remand for a new trial consistent with this opinion.

¶38. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE CIRCUIT COURT OF OKTIBBEHA COUNTY IS REVERSED AND REMANDED FOR A NEW TRIAL.**

**CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND PIERCE, JJ., CONCUR. GRAVES, P.J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. CHANDLER, J., NOT PARTICIPATING.**

14