# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00837-COA

**DEVIN SHEPHERD A/K/A DEVIN RAY SHEPHERD**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/2017 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: BENJAMIN A. SUBER |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KAYLYN HAVRILLA MCCLINTON |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/18/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., FAIR AND WILSON, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1. Following a jury trial in the Circuit Court of DeSoto County, Mississippi, Devin Shepherd was convicted of home-invasion burglary in violation of Mississippi Code Annotated section 97-17-23(1)-(2) (Rev. 2014) and sentenced to serve seven years in the custody of the Mississippi Department of Corrections, with four years suspended upon completion of an anger-management program and a drug-and-alcohol treatment program, and with three years of postrelease supervision. Shepherd was credited with time served while awaiting trial. He was ordered to pay fines and court costs and also ordered to have no

contact with the victim or the victim's family. Shepherd now appeals his conviction. Finding no error, we affirm.

**FACTS**

¶2.    On January 11, 2016, Officer Christopher Rainbolt with the Southaven Police Department responded to a dispatch call to 2207 Colonial Hills Drive in Southaven, Mississippi. When Officer Rainbolt arrived, he spoke with Eva Steverson, the owner of the residence, who made the 911 call. Officer Rainbolt investigated the scene and learned that Shepherd had entered Eva's home and was beating on the door threatening Franklin Steverson, Eva's grandson. Officer Rainbolt noticed and took pictures of a busted door frame and door to the Steverson residence, damage to the laundry room-door, and a broken bedroom window. Officer Rainbolt found Shepherd two blocks away from the home.

¶3.    At Shepherd's trial, Eva testified that she lived with her husband and with her grandson, Franklin. On the date of the burglary, Eva heard her door slam and then heard beating on one of the bedroom doors. She went to the bedroom door where she saw Shepherd beating on the door and telling Franklin "come out of there," and that he was "going to kill him." Eva testified that she told Shepherd to leave her home and that she was going to call the police. Then, Shepherd ran down the hall in front of Eva and punched one of her doors, breaking two slated pieces. He also went out to the den door and "kicked it and punched the trim around it." Eva stated that Shepherd told her he was going to kill her grandson. Eva also testified regarding an incident with Shepherd two days prior to the burglary. On January 9, 2016, Shepherd was on her front porch, and she told him to leave.

She stated that Franklin was drinking a cup of coffee on the porch, and Shepherd started beating on him. Eva told Shepherd to stop, and he pushed her. Franklin then stabbed Shepherd in the leg with a kitchen knife. Eva testified that she was scared of Shepherd for Franklin.

¶4. Franklin also testified at Shepherd's trial. According to Franklin, he knew Shepherd only as an acquaintance since eighth grade, but the two were not friends because Shepherd "was always a bully." Franklin stated that he never invited Shepherd to his house, and that his grandparents told Shepherd to leave every time he came over. Franklin stated that Shepherd forced himself around Franklin and that his grandparents did not allow Shepherd over and had called the police on him before. Franklin testified that on the day of the burglary, Shepherd "jerked open the screen door" which was "locked, but he jerked it out of place." Franklin was standing in the hallway when he saw Shepherd had entered the house. Franklin stated he ran to his room because Shepherd was "coming back to retaliate, to kill me." Franklin put a wooden board under his bedroom-door handle and said that Shepherd "started beating on the door, and he said he was going to kill me multiple times." Because Shepherd could not get in Franklin's room from inside the house, Shepherd ran outside to the window and kicked the window. He was not able to knock out the window but broke the glass. Franklin believed that Shepherd was there to retaliate for an altercation that happened on January 9, 2016. According to Franklin, two days prior to the burglary, Shepherd showed up at the Steverson house uninvited. Franklin told him to leave, but Shepherd refused. Franklin testified that Shepherd smirked at him and started punching him in the face. Eva

3

witnessed the event and became very upset, and then Shepherd pushed Eva. Franklin stated he grabbed a kitchen knife and stabbed Shepherd in the leg. Shepherd continued to hit Franklin in the face and would not leave the house. Franklin threw some things at Shepherd. The police were called, but no charges were pressed. Franklin stated he hoped that Shepherd would "leave [him] alone and not come back, but he did." Franklin testified that he believed Shepherd came back on January 11, 2016, to retaliate for the incident two days prior, and that he was afraid Shepherd was going to kill him.

¶5.     Shepherd also testified on his own behalf. He stated that he and Franklin had been close friends for years who simply "got into an argument." He said that he spent a lot of time at the Steverson house, that he "h[u]ng out with them quite frequently," and that he and Franklin smoked weed together. Shepherd admitted he went to the Steverson house drunk on the date of the burglary incident and entered without knocking. He also admitted to breaking the window when he left but blamed it on being drunk. He stated he made "a bad decision to go over there," that he "trespassed," and "maybe vandali[zed]," but he denied that he committed burglary.

¶6.     The jury found Shepherd guilty of home-invasion burglary. He now appeals his conviction arguing (1) that there was insufficient evidence to support his conviction and (2) that the verdict was against the overwhelming weight of the evidence.

## DISCUSSION

### I.     Sufficiency of the Evidence

¶7.     Shepherd argues that there was insufficient evidence to support the guilty verdict for

4

burglary, and therefore, the trial court erred by denying his motion for a judgment notwithstanding the verdict (JNOV).

¶8. This Court's standard of review for a trial court's grant or denial of a motion for a JNOV is de novo. *Estate of Gardner v. Gardner*, 228 So. 3d 921 (¶19) (Miss. Ct. App. 2017). A motion for a JNOV challenges the legal sufficiency of the evidence, and where there is substantial evidence to support the verdict, we will affirm the denial of a JNOV. *InTown Lessee Assocs. LLC v. Howard*, 67 So. 3d 711, 718 (¶22) (Miss. 2011). "Substantial evidence is information of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions." *Bryant v. State*, 151 So. 3d 1025, 1029 (¶13) (Miss. Ct. App. 2014) (quoting *Daniels v. State*, 107 So. 3d 961, 963 (¶10) (Miss. 2013)). "When reviewing a motion for a JNOV, the trial judge is required to accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant." *Id*. at (¶14) (internal quotation mark omitted). "We will reverse only where with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair minded jurors could only find the accused not guilty." *Id*. (internal quotation marks omitted).

¶9. Shepherd was charged and convicted of burglary under Mississippi Code Annotated section 97-17-23(1)-(2). "Section 97-17-23(1) sets out the elements the State must prove to convict a defendant of burglary. Those elements are: (1) the unlawful breaking and entering of a dwelling and (2) the intent to commit some crime therein." *Johnson v. State*, 235 So.

5

3d 1404, 1410 (¶13) (Miss. 2017). Section 97-17-23(2) enhances the minimum penalty when burglary is committed "under circumstances likely to terrorize any person who is actually occupying the house at the time of the criminal invasion of the premises." *Johnson v. State*, 242 So. 3d 145, 165 (¶42) (Miss. Ct. App. 2017).

¶10. Now on appeal, Shepherd states that the evidence was insufficient to meet the first element of burglary—breaking and entering. He argues that because there was evidence that Shepherd had been to the Steverson home on numerous occasions, he did not unlawfully enter the house on the date of the burglary. But, both Eva and Franklin testified that Shepherd was not invited to the house on the day of the burglary. Franklin stated that Shepherd "jerked open" the screen door—pulling it out of place even though it was locked—and entered the home. Eva testified that she heard the door slam and someone enter the house, indicating force. By Shepherd's own admission, he entered the house without knocking and without permission. The supreme court has defined breaking as "any act or force, however[] slight, employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed." *Johnson*, 235 So. 3d at 1410 (¶14) (internal quotation marks omitted).

¶11. Here, having accepted as true all the evidence favorable to the State, the evidence with regard to the element of breaking and entering is not such that reasonable and fair-minded jurors could only have found Shepherd not guilty. Rather, reasonable and fair-minded jurors could have found from the evidence that Shepherd unlawfully broke and entered the Steverson home.

6

¶12. Shepherd also argues there was insufficient evidence to establish that he intended to assault Franklin. The indictment specifically charged that Shepherd broke and entered with the intent to commit the crime of attempted assault. Shepherd argues that this element was not established because he did not possess a weapon and that Franklin admitted he was not hit or assaulted.

¶13. "An attempt to commit a crime consists of three elements: (1) an intent to commit a particular crime, (2) a direct ineffectual act done toward its commission, and (3) the failure to consummate its commission." *Craig v. State*, 201 So. 3d 1108, 1111 (¶9) (Miss. Ct. App. 2016) (quoting *Brooks v. State*, 18 So. 3d 833, 841 (¶33) (Miss. 2009)).

¶14. In the instant case, there was testimony that Shepherd was beating on Franklin's bedroom door and threatened to kill him. Shepherd admitted he broke Franklin's bedroom window. Eva testified that Shepherd told her he was going to kill Franklin. In addition, Officer Rainbolt's testimony and photographic evidence supported Eva and Franklin's testimony. Accepting this evidence as true, along with all reasonably-drawn inferences, reasonable and fair-minded jurors could have concluded that Shepherd's verbal threats coupled with the overt act of beating on Franklin's bedroom door and breaking his window evidenced his intent to assault Franklin.

¶15. The evidence in this case was sufficient for the jury to find the State had proved both elements of burglary beyond a reasonable doubt. This issue is without merit.

## II.    Weight of the Evidence

¶16. Shepherd also argues that the verdict was against the overwhelming weight of the

7

evidence, and therefore, the trial court erred when it denied his motion for a new trial.

¶17. "A new trial based on the weight of the evidence should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *Watson v. State*, 205 So. 3d 1094, 1095 (¶5) (Miss. Ct. App. 2016) (internal quotation mark omitted). "When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Doss v. State*, 212 So. 3d 886, 890 (¶13) (Miss. Ct. App. 2016). "The evidence is viewed in the light most favorable to the verdict." *Id.* "[R]eversal is warranted only if the trial court abused its discretion in denying [the] motion for a new trial." *Watson*, 205 So. 3d at 1095 (¶6).

¶18. Here, Shepherd argues that the verdict is "clearly against the overwhelming weight of the evidence," because "at most, [his] case is a trespass." For support, he points to the testimony that he and Franklin had known each other since eighth grade, that they had smoked weed together, and claims he was "a constant fixture at the home of Franklin." But, based on the evidence previously described and viewed in the light most favorable to the verdict, we cannot find that the verdict is contrary to the overwhelming weight of the evidence or that allowing the verdict to stand would sanction an unconscionable injustice. This issue is without merit.

¶19. **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**