RUSSELL, J.,
for the Court:
¶ 1. Marilyn Bradford was found guilty in the Circuit Court of Bolivar County of one count of conspiracy to commit arson in violation of Mississippi Code Annotated section 97-1-1 (Supp.2011) and one count of attempted arson in violation of Mississippi Code Annotated section 97-17-9 (Rev.2006). Bradford was sentenced for the conspiracy count to five years in the custody of the Mississippi Department of *314 Corrections (MDOC), with three years to serve and two years suspended on supervised probation. Bradford was sentenced to two years to serve in the custody of MDOC for attempted arson, with the sentence to run consecutively to the sentence for the conspiracy count. On appeal, Bradford raises two issues. First, she contends the trial court erred when it refused to grant her motion to set aside the jury verdict for legal sufficiency or, alternatively, grant her a new trial where the verdict was against the overwhelming weight of the credible evidence. Secondly, she contends the trial court erred when it refused jury instruction D-l, regarding the weight and credibility of the witnesses’ testimonies and other evidence, where the instruction was not merely duplicative but instead provided a more detailed application of the law. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Shortly after 1:00 a.m. on January 20, 2010, Areatha Curt (Curt) heard a noise outside her home in Cleveland, Mississippi. The next day, she called the police when she discovered that someone had come into her carport and set fire to her vehicle.
¶ 3. Curt had surveillance cameras on her carport, which were reviewed by an officer with the Cleveland Police Department. The investigating officer identified the person in the video as Cleo Taylor (Taylor) and issued a warrant for his arrest.
¶ 4. On January 21, 2010, another officer saw two men outside Bradford’s house. One of the men was at the front door. After the two men left the house on foot, the officer stopped and questioned them. One of the men was Taylor. Taylor told the officer that he was at Bradford’s house to pick up a package. After discovering that there was a warrant for Taylor’s arrest, the officer arrested him. Taylor initially refused to talk but eventually told police that Bradford had paid him to set fire to Curt’s car. Bradford was indicted and convicted by a jury.
¶ 5. Bradford’s post-trial motions for a judgment notwithstanding the verdict (JNOV) and for a new trial were denied. She timely appeals.
DISCUSSION
I. Whether the trial court erred in not granting Bradford’s motion to set aside the juiy verdict or grant her a new trial.
A. Sufficiency of the evidence
¶ 6. Our review of the denial of a motion for directed verdict and a motion for a JNOV is under the same standard of review, a challenge to the legal sufficiency of the evidence. Dampeer v. State, 989 So.2d 462, 464 (¶ 6) (Miss.Ct.App.2008) (citing Tran v. State, 785 So.2d 1112, 1116 (¶ 8) (Miss.Ct.App.2001)). On appeal, a challenge to the sufficiency of the evidence is reviewed on the last occasion that the trial court ruled on the sufficiency of the evidence. Id. (citing McClain v. State, 625 So.2d 774, 778 (Miss.1993)). In this case, the last occasion on which the trial court considered the legal sufficiency of the evidence was in ruling on Bradford’s motion for a JNOV. See Id.
¶ 7. In reviewing a challenge to the legal sufficiency of the evidence, this Court considers all of the evidence in the light most favorable to the prosecution and accepts all evidence supporting the verdict as true. Id. at (¶ 7) (citing Ellis v. State, 778 So.2d 114, 117 (¶ 7) (Miss.2000)). “The State is given the ‘benefit of all favorable inferences that may reasonably be drawn from the evidence.’ ” Id. (quoting Seeling *315 v. State, 844 So.2d 489, 443 (¶ 8) (Miss.2003)). “We will reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.” Id. (quotation omitted).
¶ 8. Taylor, who was Bradford’s uncle, testified at trial. According to Taylor, Bradford approached him at his sister’s house about burning a woman’s vehicle. Bradford showed Taylor where the vehicle would be located and paid him $300 to burn the vehicle, with another $300 to be paid upon completion of the job. Even though Taylor’s testimony was confusing at times, it established that there was an agreement between Taylor and Bradford for Taylor to burn Curt’s vehicle. The proof showed that the agreement was more than Taylor taking care of “business” for Bradford. Taylor admitted to the crime and that he did not personally know Curt. Taylor also testified that Bradford bailed him out of jail after he was arrested.
¶ 9. Samantha Taylor (Samantha), who is Taylor’s niece and Bradford’s cousin, testified that Bradford offered her money to break the windows out of a house. Samantha testified that although Bradford did not name the person or the address, she did tell Samantha that it was the “first house by the Headstart building,” which was Curt’s residence. Further, Samantha testified that Bradford also asked her to get her cousin, Marshun Thomas (Thomas), to cut the tires of the woman’s vehicle.
¶ 10. Thomas testified that Bradford offered her money to damage Curt’s vehicle. Thomas did not know Curt’s name but was given the location of the house and the vehicle. Thomas did not do the job.
¶ 11. Angless Ward '(Ward), Taylor’s girlfriend, testified that Bradford gave her money to damage a woman’s car. On one occasion, Ward and Bradford rode to the Kroger parking lot but were unable to locate the vehicle. Bradford then showed Ward where the woman lived. Ward, like Thomas and Samantha, did not do the job. Instead, Ward used the money to buy drugs. Also, like Thomas and Samantha, Ward did not know Curt.
¶ 12. Curt testified that Bradford was married to her ex-husband, Ditty Ray Bradford (Ditty Ray). At the time of the incident, Bradford and Ditty Ray had been married for nearly twenty years. Bradford had previously harassed Curt at her job at the Kroger grocery store. Curt testified that she did not know any reason why Bradford disliked her, and that she did not dislike Bradford.
¶ 13. In addition to Taylor’s testimony, a video of Taylor starting the fire was admitted into evidence. Following Curt’s windshield being previously smashed, Curt had installed surveillance cameras on the carport after her windshield was broken in an unrelated incident. Curt was able to provide police with video footage of the incident.
¶ 14. The investigating officer testified that he reviewed the video from Curt’s home. The video showed a man standing beside Curt’s house and coming into her carport. After drenching some paper with starter fluid, the man pushed the paper next to the house and lit matches. The man doused the vehicle hood and windshield with lighter fluid and then tossed a lit match. The fire flared up but was blown out by the wind. The man took off running when the vehicle blazed up. The officer identified the man as Taylor and issued a warrant for his arrest. After his arrest, Taylor told the officer that Bradford had paid him to start the fire.
¶ 15. The jury could conclude from Taylor’s testimony that he and Bradford entered into an agreement for Taylor to burn *316 Curt’s vehicle and, therefore, conspired to commit an unlawful act. The Courts have consistently held that “a conviction may rest solely upon the uncorroborated testimony of an accomplice where it is not so self-contradictory, unreasonable, inconsistent!,] or impeached as to be inherently unbelievable.” Jackson v. State, 420 So.2d 1045, 1048 (Miss.1982). If there is “even slight corroborating evidence,” the courts have consistently found the testimony sufficient to sustain the verdict. Id. From the time of his arrest, Taylor told the same basic story to the police that he told to the jury. There is no doubt that Taylor testified Bradford solicited him to burn Curt’s vehicle, showed him the vehicle location, and paid him to burn it. We find nothing in the record to indicate that Taylor’s testimony was unreasonable, inconsistent, or impeached.
B. Weight of the evidence
¶ 16. “A challenge to the weight of the evidence is separate and distinct from a challenge to the legal sufficiency of the evidence.” Thomas v. State, 48 So.3d 460, 469 (¶ 20) (Miss.2010) (citing Fleming v. State, 732 So.2d 172, 183 (¶ 36) (Miss.1999)). A challenge to the weight of the evidence seeks a new trial. Id. (citing Barfield v. State, 22 So.3d 1175, 1187 (¶ 46) (Miss.2009)). Reversal is only warranted where the trial court abused its discretion by denying a party a new trial. Id. “This Court will not disturb a verdict unless the verdict is ‘so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.’ ” Id. (quoting Fleming, 732 So.2d at 183 (¶ 38)). This Court weighs the evidence in the light most favorable to the verdict. Id. (citing Jones v. State, 904 So.2d 149, 154 (¶ 14) (Miss.2005)). On issues of witness credibility, the jury determines the weight and credibility of each witness’s testimony. Id. (citing Nelson v. State, 10 So.3d 898, 905 (¶ 28) (Miss.2009)).
¶ 17. The testimony of Taylor was uncontradicted. The video also supports the verdict. Bradford did not testify, and she did not call any witnesses. In addition to the testimony of Taylor, the testimonies of Samantha, Thomas, and Ward provided additional evidence of Bradford’s animosity towards Curt. There is no merit to this assignment of error.
II. Whether the trial court erred in denying Instruction D-l regarding the weight and credibility of the witnesses’ testimonies and other evidence.
¶ 18. In this assignment of error, Bradford asserts the trial court erred in denying proffered Instruction D-l. Bradford argues the court did not properly instruct the jury on the importance of properly weighing the credibility of witness testimony and resolving discrepancies of a witness or between witnesses. Bradford contends that the judge abused his discretion by failing to give the more detailed instruction offered by the defense. Essentially, Bradford argues that Taylor did not tell the truth about his motives in attempting to burn Curt’s vehicle.
¶ 19. Instruction D-l states:
Each person testifying under oath is a witness. You have the duty to determine the believability of the witness. In performing this duty, you must consider each witness’ intelligence, the witness’ ability to observe and accurately remember, the witness’ sincerity and the witness’ demeanor while testifying. You must consider also the extent the witness is either supported or contradicted by other evidence; the relationship the witness may have with either side; and how the witness may be affected by the verdict. (You must consider any evi *317 dence of the witness’ character for truthfulness.)
In weighing a discrepancy by a witness or between witnesses, you should consider whether it resulted from an innocent mistake or a deliberate falsehood, and whether it pertains to a matter of importance or an unimportant detail.
You may reject or accept all or any part of a witness’ testimony[,] and you may reject part and accept parts of a witness’ testimony.
After making your own judgment, you will give the testimony of each witness the credibility, if any, as you may think it deserves.

(The weight of the evidence is not necessarily determined by the number of witnesses as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses to any fact is more credible than the testimony of a larger number of witnesses to the contrary.)

¶ 20. The trial judge found that the instruction correctly stated the law, but that another instruction had been given that also stated the same principle. Instruction C-l stated, in part:
As sole judges of the facts in this case, your exclusive province is to determine what weight and what credibility will be assigned the testimony and supporting evidence of each witness in this case. You are required and expected to use your good common sense and sound judgment in considering and weighing the testimony of each witness who has testified in this case.
The evidence which you are to consider consists of the testimony and statements of the witnesses and the exhibits offered and received. You are also permitted to draw such reasonable inferences from the evidence as seem justified in the light of your own experience.
¶ 21. The trial court also gave Instruction C-104.25, which stated:
Cleo Taylor has testified that he is an accomplice in this case. The testimony of an accomplice is to be considered and weighed with great care, caution and suspicion. You may give it such weight and credit as you deem it is entitled.
Bradford did not offer a cautionary instruction.
¶ 22. In general, “the trial court has considerable discretion when instructing the jury, and the instructions are to be read as a whole.” Utz v. Running & Rolling Trucking, Inc., 32 So.3d 450, 474 (¶ 78) (Miss.2010) (citing Bickham v. Grant, 861 So.2d 299, 301 (¶ 8) (Miss. 2003)). “A litigant is entitled to have jury instructions that present [her] theory of the case.” Id. (citing Young v. Guild, 7 So.3d 251, 259 (¶ 23) (Miss.2009)). But a trial judge may refuse a proposed jury instruction that is an incorrect statement of the law, repeats a theory covered in other instructions, or has no proper foundation in the evidence. Id. “[A]ppellate courts analyze whether a jury instruction correctly stated the law and was supported by the evidence.” Id. “Nonetheless, ‘if other instructions granted adequately instruct the jury, a party may not complain of a refused instruction on appeal.’ ” Id. (quoting Young, 7 So.3d at 260 (¶24)). “When analyzing jury instructions as a whole, defects in specific instructions will not mandate reversal when all of the instructions, taken as a whole fairly — although not perfectly — announce the applicable primary rules of law.” Id. .(internal quotations omitted).
¶ 23. In this case, the trial judge gave an instruction that adequately instructed the jury, and we are unable to find any abuse of discretion. The court, in fact, gave Bradford more instructions on her *318 theory of the case than she requested. There is no merit to this assignment of error.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF COUNT I, CONSPIRACY TO COMMIT ARSON, AND SENTENCE OF FIVE YEARS WITH THREE YEARS TO SERVE, TWO YEARS SUSPENDED, AND TWO YEARS OF SUPERVISED PROBATION; AND COUNT II, ATTEMPTED ARSON, AND SENTENCE OF TWO YEARS, WITH THE SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ„ CONCUR.