# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KM-01129-COA

| | |
|---|---|
| **D'ANDRE TERRELL A/K/A D'ANDRE M. TERRELL A/K/A DANDRE MARSHAUND TERRELL** | **APPELLANT** |
| **v.** | |
| **STATE OF MISSISSIPPI** | **APPELLEE** |

| | |
|---|---|
| DATE OF JUDGMENT: | 05/20/2013 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JEFFREY A. VARAS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | ELISE MUNN |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | CONVICTED OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCED TO PAY A $500 FINE |
| DISPOSITION: | AFFIRMED - 11/18/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND JAMES, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     D'Andre Terrell was convicted of driving under the influence (DUI) in the Justice Court of Copiah County, and he appealed to the Copiah County Circuit Court for a trial de novo that resulted in him also being found guilty of DUI. Terrell now appeals, arguing that (1) the circuit court erred in denying his motion for a directed verdict, and (2) the evidence was insufficient to support his conviction.

¶2.	Finding no error, we affirm.

FACTS

¶3.	On November 10, 2012, Terrell was charged with DUI after he stopped at a driver's license checkpoint set up by Mississippi highway patrolmen Craig Morgan and Timothy Fuller. During trial in the circuit court, Trooper Morgan testified that Terrell drove towards the checkpoint as Trooper Morgan and Trooper Fuller were setting up. Trooper Morgan could not recall whether he had activated his blue lights before Terrell approached the checkpoint. Trooper Morgan stated that when Terrell approached, he noticed that Terrell's pupils were dilated, that his eyes were red, and that he was somewhat argumentative. Trooper Morgan also smelled alcohol on Terrell's breath. Trooper Morgan testified that he checked Terrell's driver's license, which was valid. Trooper Morgan then asked Terrell to exit Terrell's vehicle so that Trooper Morgan could administer an initial portable breath test (PBT), which yielded positive results. Trooper Morgan stated that upon Terrell exiting his vehicle, Terrell had to lean on Terrell's car for support. Trooper Morgan asked Terrell if he had been drinking, and according to Trooper Morgan, Terrell indicated that it was his birthday. Trooper Morgan also observed a marijuana cigarette in Terrell's vehicle. Trooper Morgan then administered a second PBT, which also yielded positive results. Trooper Morgan could not recall whether he asked Terrell to undergo any field sobriety tests.

¶4.	Trooper Morgan testified that he transported Terrell to the Copiah County Sheriff's Department to administer a breath test to determine Terrell's breath-alcohol-concentration (BAC) level. Trooper Morgan was not able to get any BAC-test results in two attempts.

2

During the first attempt, a frequency from a cell phone or some other device went off as the intoxilyzer was attempting to read the results. Trooper Morgan was not allowed to explain what happened the second time the attempt was made. Trooper Morgan testified that the factors that he considered in charging Terrell with DUI were the odor of alcohol on Terrell's breath, the positive PBTs, and Terrell's red eyes and dilated pupils.

¶5. At the conclusion of the State's case, Terrell moved for a dismissal, arguing that the State had not met its burden of proving DUI. Following the circuit court's denial of that motion, Terrell testified in his own defense. According to Terrell, on that night, he left a friend's house around 11:40 p.m. After driving approximately fifteen feet, he noticed flashlights on the side of the road. Terrell stated that he eventually noticed Trooper Morgan and Trooper Fuller, so he stopped his car to present his driver's license to Trooper Fuller, not Trooper Morgan. According to Terrell, after he stopped and rolled his window down, Trooper Fuller asked Terrell if he had been drinking, and Terrell stated that he had not, although it was his birthday. Trooper Fuller asked Terrell why his eyes were red, and Terrell replied that he had an irritated contact and that he was suffering from a cold. On cross-examination, Terrell stated that Trooper Fuller administered two PBTs, neither of which detected the presence of alcohol. Also on cross-examination, Terrell testified that while in transport to the sheriff's department, he revealed to Trooper Morgan that he had had several cough drops, which may have explained the smell of alcohol on his breath. Terrell admitted that Trooper Morgan was present at the checkpoint that night.

¶6. Jalisa Fulgham testified that Terrell had visited her on the night of November 10,

3

2012, and that Terrell did not seem to be intoxicated during his visit. Fulgham also stated that Terrell did not drink any alcoholic beverages while he was at her house, and that he did not seem intoxicated when he left her house around 11:40 p.m.

¶7. At the conclusion of trial, the circuit court found that the State had proved beyond a reasonable doubt that Terrell was guilty of DUI, and affirmed the judgment of the justice court. Terrell filed a motion for reconsideration, which the trial court denied.

DISCUSSION

¶8. Although Terrell characterizes his ore tenus motion as one for a directed verdict, there was no verdict to direct, as the case was heard in a bench trial. Instead, Terrell's motion is best characterized as a motion to dismiss based on insufficient evidence. Although Terrell has presented two issues for review—whether the circuit court erred in denying his "motion for directed verdict" and whether the evidence is sufficient to support the guilty conviction—they are in reality a single issue challenging the sufficiency of the evidence. *See Thames v. State*, 5 So. 3d 1178, 1188 (¶32) (Miss. Ct. App. 2009) (citation omitted).

¶9. "In reviewing a challenge to the legal sufficiency of the evidence, [an appellate court] considers all of the evidence in the light most favorable to the prosecution and accepts all evidence supporting the verdict as true." *Bradford v. State*, 102 So. 3d 312, 314 (¶7) (Miss. Ct. App. 2012) (citation omitted). "We will reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty." *Id*. at 315 (¶7) (citation omitted).

4

¶10. Mississippi Code Annotated section 63-11-30(1)(a) (Rev. 2013) states that "[i]t is unlawful for a person to drive or otherwise operate a vehicle within this state who . . . [i]s under the influence of intoxicating liquor[.]" As noted, during trial, Trooper Morgan testified that when Terrell stopped at the checkpoint, he smelled alcohol on Terrell's breath and he noticed that Terrell had dilated pupils and red eyes. Trooper Morgan stated that when he asked Terrell to exit his vehicle, Terrell had to lean on the vehicle to support himself. Additionally two PBTs revealed alcohol on Terrell's breath.

¶11. Terrell argues that the evidence was insufficient to support his conviction because Trooper Morgan did not have firsthand knowledge of the events that occurred on the night of Terrell's arrest. Therefore, Terrell insists that Trooper Morgan's testimony should not have been admitted by the circuit court. However, during trial, Terrell acknowledged that Trooper Morgan was present at the checkpoint. More importantly, Terrell failed to raise a contemporaneous objection to Trooper Morgan's testimony during trial. Terell is, therefore, precluded from raising this issue for the first time on appeal. *Smith v. State*, 724 So. 2d 280, 319 (¶155) (Miss. 1998).

¶12. Terrell also argues that the evidence was insufficient because he had an adequate explanation for each factor that Trooper Morgan considered in charging him with DUI. However, this argument in effect challenges, not the sufficiency of the evidence presented by the State during trial, but the weight and credibility given by the circuit court to that evidence. The issue of the weight of the evidence presented against Terrell during trial is not before this Court on this appeal. After reviewing the record and considering the evidence in

5

the light most favorable to the prosecution and accepting all evidence supporting the conviction as true, we conclude that the evidence was sufficient to support Terrell's conviction. Accordingly, we affirm.

¶13. **THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT OF CONVICTION OF DRIVING UNDER THE INFLUENCE, FIRST OFFENSE, AND SENTENCE TO PAY A $500 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**